[Crim. No. 8241. Fourth Dist., Div. One. Mar. 15, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT VERNA WILLIAMS, Defendant and Appellant.

## COUNSEL

Harold F. Tyvoll, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—Robert Verna Williams appeals a judgment, following a trial by the court, convicting him of five counts of first degree robbery (Pen. Code, § 211). The court found Williams used a firearm in the commission of the robberies alleged in counts I, II and III (Pen. Code, § 12022.5).

The victims of the first three robberies were employees of three different 7-11 stores. Each told of the circumstances of the robbery, and each said Williams used a gun which they described. No gun was found, and none was offered as evidence as to the robberies alleged in counts I, II or III. However, in the fourth and fifth robberies, the victims identified a pellet gun (found in Williams' possession when he was arrested just after the fifth robbery) as resembling the gun used by Williams. Significantly, each of the victims of the first three robberies was shown the pellet gun, and each testified it was not the weapon used by Williams when he robbed them.

---

\*Before Brown, P. J., Ault, J. and Cologne, J.

■ Williams contends the evidence does not support the section 12022.5 findings because the People did not prove the weapon used was a firearm, "as distinguished from other deadly weapons or implements merely giving the appearance of deadly weapons . . ." Implicit in the contention is the argument that the People must prove the firearm was operable.

As will be recalled, each victim of the first three robberies charged testified a gun (and not the pellet gun) was used. Penal Code section 12022.5 imposes no requirement upon the People, either to produce the gun or to prove it was operable (*People* v. *Hayden,* 30 Cal.App.3d 446, 452 [106 Cal.Rptr. 348]).[1] The testimony of each victim in describing the gun used in the robberies charged in counts I, II and III is sufficient to sustain the respective findings under section 12022.5.

Judgment affirmed.

Appellant's petition for a hearing by the Supreme Court was denied May 14, 1976.

---

[1]Williams' reliance upon this court's decision in *People* v. *Torres,* 19 Cal.App.3d 724, 733 [97 Cal.Rptr. 139], is misplaced. There, the comments concerning an "operable firearm" were unnecessary to the decision of the case, and not intended to place upon the People the burden of proving the operability of a firearm in order to make a prima facie showing under Penal Code section 12022.5. In our view, *People* v. *Hayden* correctly describes the quantum of proof required under Penal Code section 12022.5.