[Crim. No. 15772. First Dist., Div. Three. July 27, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN W. THOMPSON, Defendant and Appellant.

**COUNSEL**

Kenneth F. Coho, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Timothy A. Reardon and Margaret D. Geib, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

SCOTT, Acting P. J.—On appeal from a judgment of conviction for violation of section 12021 of the Penal Code (possession of a concealable firearm by a person who has been convicted of a felony), appellant contends that the conviction cannot stand because the People failed to prove that the gun was operable, and because there was insufficient evidence to prove that he possessed it.

Subdivision (a) of section 12021 provides in relevant part: "Any person who has been convicted of a felony . . . who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, . . ."

In *People* v. *Jackson* (1968) 266 Cal.App.2d 341 [72 Cal.Rptr. 162], it was held that possession of an inoperable firearm could not provide the basis for a conviction under section 12021, unless the defendant also possessed the means to render the weapon operable. The court reasoned that the purpose of the statute was " 'to make it unlawful for ex-convicts to carry a gun that will shoot and not merely objects that look like usable guns.' " (*Id.*, at p. 347.)

The uncontradicted evidence in the case at bench was that the gun in question was missing a clip and that as a safety measure the

weapon could not be fired in the absence of said clip, or without inserting an object such as a pencil into the gun to release the safety. There was no evidence that appellant possessed any item (clip, pencil or the like) which would release the safety. Thus, if the *Jackson* rule were of continuing validity, the judgment would have to be reversed. We hold, however, that the *Jackson* case has been overridden by subsequent legislative action.

At the time of the *Jackson* decision, section 12001 of the Penal Code read: " 'Pistol,' 'revolver,' and 'firearm capable of being concealed upon the person' as used in this chapter [The Dangerous Weapons' Control Law, §§ 12000-12094] shall apply to and include any device, designed to be used as a weapon, from which is expelled a projectile by the force of any explosion, or other form of combustion, and which has a barrel less than 12 inches in length."

After *Jackson,* the Legislature added the following sentence to section 12001: " 'Pistol,' 'revolver,' and 'firearm capable of being concealed upon the person' as used in Sections 12021, 12072, and 12073 include the frame or receiver of any such weapon." (Stats. 1969, ch. 1002, § 1, p. 1973.) No reported decision contains a holding regarding the effect on the *Jackson* rule of the 1969 amendment to section 12001. This case therefore presents an issue of first impression.

Discussion in one case supports the inference that the *Jackson* rule still applies to violations of section 12021, despite the 1969 amendment to section 12001. (*People* v. *Hayden* (1973) 30 Cal.App.3d 446, 450-451 [106 Cal.Rptr. 348].) On the other hand, in *People* v. *Favalora* (1974) 42 Cal.App.3d 988 [117 Cal.Rptr. 291], the court noted that the legislative action "essentially nullified the effect of *Jackson* by codifying an intent contrary to that decision." (*Id.,* at p. 994.) Commentators agree with this conclusion. (Review of Selected 1969 Code Legislation (Cont.Ed.Bar 1969) p. 178; Witkin, Cal. Crimes (1975 supp.) § 782, p. 504.)[1]

---

[1]We note that an opinion of the Attorney General which seems to support this conclusion is based, in relevant part, upon an erroneous view of legislative history. In an opinion issued on October 30, 1975, the Attorney General concluded that a dart-launcher weapon called the Taser TF-1 was a firearm capable of being concealed upon the person and was a deadly weapon within the meaning of sections 12001 and 3024 of the Penal Code. (58 Ops.Cal.Atty.Gen. 777 (1975).) In his discussion, the Attorney General stated, "In 1968, in an effort to include a larger variety of weaponry within the statutory definition of concealable firearm, the California Legislature amended Penal Code section 12001 to read as follows: . . ." There follows a full quotation of section 12001 as amended in *1969.* The above quoted statement is accurate regarding the rewording of the section in 1967 (Stats. 1967, ch. 1361, § 1, p. 3201), but the second sentence of section

Absent any indication to the contrary, it is reasonable to conclude, as did the *Favalora* court, and we hold, that the purpose of Senate Bill No. 650 was to nullify the *Jackson* rule, thereby expanding the scope of section 12021 to include possession of a weapon of the kind involved in this case.

█ Appellant's contention that there was not substantial evidence that he possessed the weapon is frivolous. Police responded to a report of a man firing a gun. Appellant fled up a stairway, but halted, putting up his hands, one of which contained a red scarf. Upon descending the stairs appellant bent down for a moment about halfway down. When the officers arrested him at the bottom of the stairway, appellant possessed no weapon but had five live rounds of .25 caliber ammunition of an unusual make in his pocket. The scarf was missing. The .25 automatic weapon was found wrapped in the red scarf on the stairs where appellant had bent over. There was sufficient evidence of possession. (See, e.g., *People* v. *Evans* (1974) 40 Cal.App.3d 582, 585 [115 Cal.Rptr. 304].)

In light of our holding, the trial court's instructions to the jury that operability of the weapon was not an issue were correct. The court correctly refused to instruct in accordance with CALJIC No. 12.46, which states the *Jackson* rule.

Judgment affirmed.

Devine, J.,* and Good, J.,† concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 22, 1977.

---

12001, with which we are here concerned, was not added until 1969. Thus, any inference drawn by the Attorney General, or by the reader of his opinion, that there is legislative history indicating that the 1969 amendment was added "in an effort to include a larger variety of weaponry within the statutory definition" is unsupported and must be viewed as speculative. (See 22 Rep. of Assem. Interim Com. on Crim. Proc. (1965-1967) No. 12, pp. 47-56, 2 Appen. to Assem. J. (1967 Reg. Sess.).)

  *Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

  †Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.