[Crim. No. 37672. Second Dist., Div. Five. June 30, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD L. REZA, Defendant and Appellant.

130

COUNSEL

Alan H. Russell, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Gary S. Hahn and Carol Slater Frederick, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—By jury trial appellant was convicted of robbery with use of a firearm (Pen. Code, §§ 211, 12022.5) and possession of a sawed-off shotgun (Pen. Code, § 12020). He was sentenced to state prison for a low term of two years on the robbery plus two years for the firearm use. Execution of sentence on the other count was stayed pursuant to Penal Code section 654.

In the early morning hours of September 16, 1979, appellant robbed the Bahia Motel in Montebello. The motel clerk observed appellant and a companion arrive by car. Appellant entered the motel, held a sawed-off shotgun on the clerk, and robbed him. The clerk activated a silent alarm and, immediately after appellant left, the clerk supplied the police with a description of the suspects and their vehicle. The police stopped the vehicle a quarter mile away. On the side of the road, 20 yards from where the stop occurred, the police recovered a shotgun. The clerk was brought to the scene and identified appellant and the gun. Money and shotgun shells were found in the car.

Appellant presented a diminished capacity defense that he was too drunk to form the intent to rob. He and his friend had been drinking at a party and were headed toward Whittier Boulevard to cruise. He testified he stopped at the motel to go to the bathroom and did not remember what happened there.

Appellant contends the jury was erroneously instructed on (1) diminished capacity; (2) flight; and (3) use of a firearm. We find no merit to these contentions.

## DIMINISHED CAPACITY

The trial court instructed the jury in the language of CALJIC No. 4.21 (voluntary intoxication—when relevant to specific intent).[1] Appellant did not request any other instruction on the subject. He now contends, however, that the court should have given CALJIC No. 3.35 (diminished capacity to form specific mental state) instead.[2] We disagree.

■ CALJIC No. 4.21, which deals with voluntary intoxication, "is a proper choice, where, as here, intoxication from the use of alcohol and drugs is the only evidence in the record supporting a defense of diminished capacity. Number 3.35 would be the choice where diminished capacity is predicated upon facts other than the use of drugs and alcohol." (*People* v. *Yoder* (1979) 100 Cal.App.3d 333, 338 [161 Cal.Rptr. 35].)

Appellant cites *People* v. *Stevenson* (1978) 79 Cal.App.3d 976, 987 [145 Cal.Rptr. 301], where the court, in an intoxication case, indicated a preference for CALJIC No. 3.35 over CALJIC No. 4.21 because "[t]he latter uses language that ' . . . the jury *should consider* his state of intoxication in determining if defendant had such specific intent.' CALJIC No. 3.35 language tells the jury ' . . . you *must* take all the evidence into consideration . . . .' in making such a determination." (Italics by *Stevenson* court.)

---

[1]The court instructed: "In the crime of robbery of which the defendant is accused [in Count I of the information], a necessary element is the existence in the mind of the defendant of the specific intent to commit theft, that is to permanently deprive an owner of his property of any value. [¶] If the evidence shows that the defendant was intoxicated at the time of the alleged offense, the jury should consider his state of intoxication in determining if defendant had such specific intent. [¶] If from all the evidence you have a reasonable doubt whether defendant was capable of forming such specific intent, you must give the defendant the benefit of that doubt and find that he did not have such specific intent." The record indicates this instruction was requested by the People.

[2]"When a defendant is charged with a crime which requires that a certain specific intent or mental state be established in order to constitute the crime or degree of crime, you must take all the evidence into consideration and determine therefrom if, at the time when the crime allegedly was committed, the defendant was suffering from some abnormal mental or physical condition, however caused, which prevented him from forming the specific intent or mental state essential to constitute the crime or degree of crime with which he is charged. [¶] If from all the evidence you have a reasonable doubt whether defendant was capable of forming such specific intent or mental state, you must give defendant the benefit of that doubt and find that he did not have such specific intent or mental state." (CALJIC No. 3.35 (4th ed. 1979).)

However, CALJIC No. 4.21, given by the trial court, also directs the jury that "[i]f *from all the evidence* you have a reasonable doubt whether defendant was capable of forming such specific intent, you must give the defendant the benefit of that doubt and find that he did not have such specific intent." (Italics added.) Thus the claimed difference between the two instructions is very small, and in the absence of a request by appellant for CALJIC No. 3.35 or other clarifying instructions, CALJIC No. 4.21 properly instructed the jury. (*People v. Yoder, supra*, 100 Cal.App.3d at p. 338; see *People v. Tanner* (1979) 95 Cal. App.3d 948, 959 [157 Cal.Rptr. 465].)

### FLIGHT

■ Over defense counsel's objection, the trial court gave CALJIC No. 2.52 (flight after crime).[3] Utilizing a map of the area the prosecutor argued to the jury that the route taken by the car from the motel down a side street was inconsistent with appellant's claim of an intent to go cruising on Whittier Boulevard and was more consistent with an attempt to avoid contact with the police. Appellant argues that the evidence does not reasonably support an inference of flight and that therefore the trial court erred in giving the instruction. We disagree. The inference drawn by the prosecutor from the evidence was not as a matter of law an unreasonable one. The trial court properly submitted the issue to the jury whose function it was to determine whether flight was proved and the weight to be given such circumstances. (*People v. Cannady* (1972) 8 Cal.3d 379, 391 [105 Cal.Rptr. 129, 503 P.2d 585].)

### USE OF A FIREARM

As introduced as an exhibit at trial, the shotgun's hammer was broken and could not be cocked without a mechanical tool to bring it back into the firing position. The officer who recovered the weapon recalled that it was cocked when he found it but did not remember if the hammer was broken at that time. He found no tool at the scene for cocking a broken hammer. When found, the gun was not loaded, and the .12 gauge shotgun shells found in the car did not fit this type of weapon.

---

[3]"The flight of a person immediately after the commission of a crime is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding the question of his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine."

Appellant argues the jury could have inferred from this evidence that the shotgun was not operable. He argues the trial court erred in instructing the jury with regard to Penal Code section 12022.5, that the firearm need not be operable. This contention is without merit. ■ The trial court properly instructed the jury.

In *People* v. *Jackson* (1979) 92 Cal.App.3d 899, 901-903 [155 Cal. Rptr. 305], we held that Penal Code section 12022.5 applies even if the evidence proves that the firearm was inoperable, so long as there is evidence of a gun designed to shoot and which gives the appearance of shooting capability. Appellant cites *People* v. *Gaines* (1980) 103 Cal. App.3d 89, 98 [162 Cal.Rptr. 827], which reaches a contrary conclusion, but we find *Jackson* more persuasive and we adhere to it.

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.