[Crim. No. 22214. May 13, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ROGER NELUMS, Defendant and Appellant.

**COUNSEL**

James D. Skow, under appointment by the Supreme Court, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller and Janice Rogers Brown, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RICHARDSON, J.**—Is a person "armed with a firearm" when the weapon is inoperable? We hold that he is for purposes of sentencing enhancement.

Defendant Roger Nelums appeals from a judgment of conviction following his plea of guilty to three counts of robbery. (Pen. Code, § 211; further statutory references are to this code.) The trial court found that he was armed with a firearm during the commission of one of the robberies (§ 12022, subd. (a)). Defendant's sole contention on appeal is that the trial court erred both in excluding evidence that the firearm was inoperable and in imposing the enhanced punishment specified in section 12022, subdivision (a). ▆ Because we conclude that the trial court properly excluded the proffered evidence, we will affirm the judgment.

Defendant was charged with five counts each of robbery (§ 211) and burglary (§ 459), six counts of assault with a deadly weapon (§ 245, subd. (a)), and one count of conspiracy to commit robbery (§ 182), arising out of a series of tavern robberies. The People also alleged that during the commission of the offenses, defendant was armed with, and personally used, a firearm (§§ 12022, subd. (a), 12022.5), and that defendant had suffered a prior prison term within five years of the present offense (§ 667.5).

At trial, after the court had granted the prosecution's motion to exclude evidence as to the firearm's inoperability, defendant pled guilty to three counts of robbery and admitted the "armed with a firearm" allegation as to one of the counts in exchange for dismissal of the other charges and allegations, all with the understanding that he was not precluded thereby from appealing the evidentiary ruling. At a subsequent hearing, however, because of the trial court's concern that defendant's admission of the "armed with a firearm" allegation might prevent his obtaining appropriate appellate review, the trial court rejected his plea bargain. The court thereupon permitted defendant to enter into a modified bargain wherein he reaffirmed his guilty pleas but withdrew his admission of the firearm allegation, and agreed to a court trial on that issue. By stipulation, the court then received evidence relating to the allegation in the form of (1) preliminary hearing testimony and (2) a concurrence of the parties that defendant or a coprincipal "had in his

physical possession an object which was designed to shoot, ... and which ... had the appearance of shooting capability." The court again rejected as irrelevant the evidence that the gun was inoperable. Based on the foregoing, the court then found to be true the allegation that defendant was armed with a firearm within the meaning of section 12022, subdivision (a).

The Dangerous Weapons' Control Law (§ 12000 et seq.) specifies the penalties or sentence enhancements which are to be imposed for the unlawful possession or use of firearms within several contexts. Section 12021, subdivision (a), proscribes the *possession of a concealable firearm* by an ex-felon; section 12022, subdivision (a), enhances the penalty for a person who is *armed with a firearm* during the commission, or attempted commission, of a felony; and section 12022.5 enhances the penalty for one who *uses a firearm* during a felony or attempted felony. Prior cases have examined the operable "firearm" issue within the meaning of each of these statutes and although there is some decisional conflict, we discern a general consensus that *none* of these statutes requires proof that the firearm is operable.

The issue as to possession by an ex-felon (§ 12021, subd. (a)) was simplified by a 1969 amendment to section 12001 which now includes the possession of "the frame or receiver" of a concealable weapon as possession of a "firearm capable of being concealed upon the person" within section 12021. The amendment evidences an apparent legislative intent to prohibit possession by an ex-felon of an inoperable concealed firearm, that is, one which although designed to be used as a weapon is presently incapable of being fired. (*People* v. *Thompson* (1977) 72 Cal.App.3d 1, 4-5 [139 Cal.Rptr. 800]; see *People* v. *Carter* (1981) 117 Cal.App.3d 546, 550, fn. 3 [172 Cal.Rptr. 838]; *People* v. *Tallmadge* (1980) 103 Cal.App.3d 980, 988 [163 Cal.Rptr. 372]; *People* v. *Favalora* (1974) 42 Cal.App.3d 988, 993-994 [117 Cal.Rptr. 291].) The foregoing cases acknowledge that the 1969 amendment effected a legislative abrogation of the earlier case of *People* v. *Jackson* (1968) 266 Cal.App.2d 341, 347 [72 Cal.Rptr. 162] (*Jackson I*), which had held that the purpose of section 12021, subdivision (a), was to prohibit ex-convicts from carrying "a gun that will shoot and not merely objects that look like usable guns." As discussed below, we recently alluded to *Jackson I*'s operability requirement in reciting the elements of section 12021 (see *People* v. *Woodard* (1979) 23 Cal.3d 329, 340 [152 Cal. Rptr. 536, 590 P.2d 391]), but we considered neither the effect of the

1969 amendment to section 12001 nor the survival thereafter of the *Jackson I* rule.

In any event, whatever the rule under section 12021, the Legislature has not provided a similar statutory definition of "firearm" for purposes of construing either section 12022, subdivision (a), or section 12022.5. This has prompted one court to observe that it is left "free" to interpret these sections to achieve their "individual objective[s] without regard to the case law defining firearms for the purpose of the prohibition involving ex-convicts." (*People* v. *Hayden* (1973) 30 Cal.App.3d 446, 451 [106 Cal.Rptr. 348].)

The majority of appellate courts, with respect to section 12022.5 (firearm use), has generally concluded that the deterrence objectives of that statute are best fulfilled by imposing an enhanced penalty whether or not the weapon is a functioning firearm. (*People* v. *Reza* (1981) 121 Cal.App.3d 129, 133-134 [175 Cal.Rptr. 126]; *People* v. *Jackson* [*Jackson II*] (1979) 92 Cal.App.3d 899, 903 [155 Cal.Rptr. 305]; *People* v. *Williams* (1976) 56 Cal.App.3d 253, 255 [128 Cal.Rptr. 408]; *People* v. *Hayden, supra*, 30 Cal.App.3d, at pp. 450-452; but see *People* v. *Torres* (1971) 19 Cal.App.3d 724, 733 [97 Cal.Rptr. 139] [contrary dictum].)

Ruling that section 12022.5 does not require that the firearm be operable, the *Jackson II* court observed, "The victim is placed in fear and cannot be expected to inquire into the condition of the gun. The danger remains that the reaction by the victim or some third person to the appearance of the gun will cause harm to befall someone.... Section 12022.5 applies even if the evidence conclusively proves that the firearm was inoperable [citations], so long as there is evidence 'of a gun designed to shoot and which gives the appearance of shooting capability.' [Citation.]" (P. 903, fn. omitted; see also *People* v. *Carter, supra*, 117 Cal.App.3d 546, 551 [unlawful to bring inoperable firearm into state prison].)

By a parity of reasoning, the proscriptions of section 12022, subdivision (a), should apply to a person who is armed with a firearm which cannot be fired. As with section 12022.5, nothing in the language of section 12022 requires that the People demonstrate the weapon's operability. Similar and substantial risks of harm by a resisting victim or third person exist whether or not the offender's firearm is operable. Although such risks may be minimal if the firearm remains concealed,

armed offenders frequently may passively display their firearms, without actually using them to facilitate the commission of their offenses. Such passive display may stimulate resistance. Moreover, the Legislature reasonably could have sought to discourage persons from arming themselves with an inoperable firearm, whether or not concealed, because of the potential for harm in the event that the firearm is ultimately displayed and used. It follows that even though defendant may not have actually used his firearm, his mere act of carrying it created the additional risks of harm which fully justify an enhanced penalty.

Defendant relies upon *People* v. *Gaines* (1980) 103 Cal.App.3d 89 [162 Cal.Rptr. 827], wherein the court reached an opposite conclusion. The *Gaines* court, while acknowledging that a conflict existed, assumed that we had settled that conflict as to the applicable sections of the Dangerous Weapons' Control Law in *People* v. *Woodard, supra,* 23 Cal.3d 329, 340. However, *Woodard* did not examine the operability issue, merely reciting that, under section 12021, subdivision (a), "in addition to the accused's *status* are [the elements of] his ownership or possession of an operable, concealable firearm . . . ." In this regard, *Woodard* relied solely upon *Jackson I,* a case of limited precedential value because it was decided prior to the 1969 amendment to section 12001, as discussed above. (See, e.g., *People* v. *Thompson, supra,* 72 Cal.App.3d 1, 5.) In any event, in *Woodard* we did not purport to consider the issue within the context of either sections 12022.5 or 12022, subdivision (a).

Further, the *Gaines* court did not consider as a possible legislative purpose underlying section 12022, subdivision (a), the intended deterrence of possession of those firearms which *appear* operable either to resisting victims or to third persons. There has been some reluctance to follow *Gaines* (see *People* v. *Reza, supra,* 121 Cal.App.3d 129, 134; *People* v. *Carter, supra,* 117 Cal.App.3d 546, 550, and fn. 3), and to the extent that *Gaines* is inconsistent with the views expressed herein, we disapprove it.

We hold that section 12022, subdivision (a), is violated by persons who, in the commission or attempted commission of a felony, are armed with an inoperable firearm if the weapon was designed to shoot and gave the reasonable appearance of a shooting capability. (See *Jackson II,* 92 Cal.App.3d, at p. 902.)

The judgment is affirmed.

Bird, C. J., Mosk, J., Newman, J., Kaus, J., Broussard, J., and Reynoso, J., concurred.