[Crim. No. 17282. Fourth Dist., Div. Three. Jan. 30, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
FREDERICK DOUGLAS TAYLOR, Defendant and Appellant.

**COUNSEL**

Paul A. Stabile, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Frederick R. Millar and Luis R. Vargas, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SONENSHINE, J.**—Frederick Douglas Taylor was charged with the unlawful taking of an automobile (Veh. Code, § 10851), receiving stolen property (Pen. Code, § 496) and possession of a loaded firearm in public (Pen. Code, § 12031, subd. (a)). Following a court trial, he was found guilty of the weapon charge and joyriding (Pen. Code, § 499b) as a lesser included offense of Vehicle Code section 10851. He argues the court erred in failing to suppress evidence, joyriding is not a lesser included offense of Vehicle Code section 10851, and the evidence does not support the weapon conviction. We disagree and affirm.

Taylor obtained the keys to his girlfriend's father's car and, without the father's knowledge or permission, took it. After the father found the car missing, and his daughter denied knowledge of its whereabouts, he filed a theft report with the police.

The next day police spotted the car, occupied by two males, at a shopping mall and a high speed chase ensued. Minutes after the car sped away, police saw a gun thrown from the passenger window into bushes. Following sev-

eral loops of the mall, the car entered a freeway where it was lost from sight by the pursuing police. The car was discovered after being involved in a multi-car accident. Taylor fled the scene but was later apprehended and identified as the driver.

At the close of the prosecution's case the court dismissed the receiving stolen property and unlawful taking of an automobile charges pursuant to Penal Code section 1118. Taylor was found guilty of possession of a loaded weapon in a public place and joyriding as a lesser included offense of Vehicle Code section 10851.

I

■ Taylor first argues the court erred in failing to suppress the gun seen thrown from the car. (*People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361].) A police identification technician testified he found the gun in the bushes and described it as having a nail, instead of a bolt, protruding from the cylinder. His opinion was the nail caused the cylinder to wobble and thus proper alignment was difficult or impossible. At trial the nail was missing.[1]

Neither prior to trial nor at the time the gun was admitted into evidence did counsel object on the above theory. Failure to provide the trial court with an opportunity to evaluate the evidence and grant an appropriate remedy waives appellate review. (*People* v. *Carrasco* (1981) 118 Cal.App.3d 936, 940 [173 Cal.Rptr. 688]; *People* v. *Burciago* (1978) 81 Cal.App.3d 151, 169-170 [146 Cal.Rptr. 236]; *People* v. *Smith* (1977) 70 Cal.App.3d 306, 318 [138 Cal.Rptr. 783].) No error occurred.

II

■ Next Taylor argues the court erred in finding him guilty of joyriding (Pen. Code, § 499b) as a lesser included offense of Vehicle Code section 10851. *People* v. *Barrick* (1982) 33 Cal.3d 115 [187 Cal.Rptr. 716, 654 P.2d 1243] held Penal Code section 499b is a lesser included offense of Vehicle Code section 10851 *if* the accusatory pleading charges both the driving *and* taking of a vehicle with the intent to deprive the owner of title or possession. This reversed the court's decision in *People* v. *Thomas* (1962) 58 Cal.2d 121, 127-130 [23 Cal.Rptr. 161, 373 P.2d 97], which had held under both the elements of the crime and pleading tests, joyriding was not a necessarily included offense.

---

[1]Taylor argues if the nail were in the gun, it would prove the gun was inoperable. Given our finding in section III, *post,* this argument is irrelevant.

Count III of the information charged Taylor did ". . . feloniously drive and take a certain vehicle. . . ." By the use of this language, the court could properly find Taylor intended to temporarily use the car in violation of Penal Code section 499b. (*People* v. *Barrick, supra,* 33 Cal.3d 115, 133.)

### III

Finally, Taylor attacks his conviction for possessing a loaded firearm in a public place (Pen. Code, § 12031, subd. (a)), on a number of theories. ■ First he argues there was no evidence the crime was prosecuted in the proper jurisdiction. His argument is specious. While it is true no witness uttered the magic words "Orange County" at trial, there was ample evidence of proper venue. "It is the rule that venue need not be shown by direct evidence; circumstances may establish venue." (*People* v. *Arline* (1970) 13 Cal.App.3d 200, 203 [91 Cal.Rptr. 520]; Witkin, Cal. Criminal Procedure, § 67.) Where a jury has been waived, no judgment may be set aside unless it "'. . . clearly appear[s] that upon no hypothesis is there sufficient evidence, circumstantial or otherwise, to support the conclusion reached by the trial court. (*People* v. *Hills,* 30 Cal.2d 694, 701 . . . .)'" (*People* v. *Nieto* (1966) 247 Cal.App.2d 364, 368 [55 Cal.Rptr. 546].) Since the evidence was uncontradicted the weapon was thrown from the car at the Westminster Mall, a location known as being within Orange County, the evidence amply supports the trial court's implicit finding venue was proper.

■ Taylor next suggests the evidence *he* possessed the gun was insufficient as a matter of law. He is wrong. The trial court was aware the gun was thrown from the passenger side of the car and Taylor was the driver. The court noted, however, the gun was thrown soon after the chase began and Taylor's driving represented an unequivocal attempt to avoid capture. A conviction may be supported by circumstantial evidence of constructive possession. The mere fact the evidence supports an inference Taylor did not personally possess the gun does not require reversal. (*People* v. *Nieto, supra,* 247 Cal.App.2d 364, 368.) There was sufficient evidence Taylor had constructive possession of the firearm.

■ Last, Taylor alleges the gun was inoperable and operability is an element of Penal Code section 12031, subdivision (a).[2] Although we find

---

[2]Penal Code section 12031, subdivision (a) states: "Except as provided in subdivision (b), (c), or (d), every person who carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in any incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory is guilty of a misdemeanor."

the evidence demonstrates the gun was operable, we hold operability is not an element of possession of a loaded firearm in a public place.[3]

The Dangerous Weapons' Control Law (Pen. Code, § 12000 et seq.) provides for various penalties and enhancements for use of firearms. Following the legislature's amendment of Penal Code section 12001, no court has held operability of a firearm to be an element of the Dangerous Weapons' Control Law. Thus Penal Code section 12022, subdivision (a) (enhancing a sentence when a felony is committed while armed), (*People* v. *Nelums* (1982) 31 Cal.3d 355 [182 Cal.Rptr. 515, 644 P.2d 201]), Penal Code section 12020 (possession of a sawed-off shotgun), (*People* v. *Favalora* (1974) 42 Cal.App.3d 988, 991 [117 Cal.Rptr. 291]), Penal Code section 12021 (possession of a concealable firearm by an ex-felon), (*People* v. *Thompson* (1977) 72 Cal.App.3d 1 [139 Cal.Rptr. 800]), Penal Code section 12022.5 (enhancement for use of a firearm during commission of a felony), (*People* v. *Jackson, supra*, 92 Cal.App.3d 899), and Penal Code section 4574 (possession of a firearm while confined in jail), (*People* v. *Talkington* (1983) 140 Cal.App.3d 557 [189 Cal.Rptr. 735]) all were held not to require operability of the firearm.

The obvious intent of the Legislature in each instance is to proscribe aspects of firearm possession to protect society. As has been pointed out, it does not matter the firearm does not work when it is seen by a victim of crime, an innocent bystander or a member of law enforcement. The possession of a firearm under the enumerated circumstances constitutes a threat. If the Legislature had intended otherwise, it was free to require the firearm be operable. To the contrary, when it was held in *People* v. *Jackson* (1968) 266 Cal.App.2d 341 [72 Cal.Rptr. 162] that Penal Code section 12021 required operability, the Legislature amended Penal Code section 12000 to define a firearm to include the frame. As the Supreme Court noted in *Nelums,* "[t]he amendment evidences an apparent legislative intent to prohibit possession by an ex-felon of an inoperable concealed firearm, that is, one which although designed to be used as a weapon is presently incapable of being fired." (*People* v. *Nelums, supra*, 31 Cal.3d 355, 358.) A firearm need not be operable to convict under Penal Code section 12031, subdivision (a).

---

[3]The testimony was, notwithstanding the nature of the firing mechanism, nothing prevented the gun from discharging. In fact, the gun was not test-fired out of fear fragments would be shaved from the projectile and injure the user. As was aptly pointed out in *People* v. *Jackson* (1979) 92 Cal.App.3d 899 [155 Cal.Rptr. 305], a firearm is operable if the weapon was merely capable of discharging during a struggle or when the gun is used as a bludgeon.

The judgment is affirmed.

Trotter, P. J., and Wallin, J., concurred.