Opinion
SOVEN, J.
Defendant appeals from a judgment of conviction for violation of Penal Code section 12025, subdivision (a) (carrying concealed in a vehicle a concealable firearm). His sole contention on appeal is that the pistol seized from his vehicle was inoperable and therefore did not come within the class of firearms prohibited by section 12025, subdivision (a). We agree and reverse.
At trial, the defense produced expert testimony that the antique pistol found in defendant’s vehicle was inoperable because it lacked a barrel and firing pin mechanism.[1] It was also established that the pistol could not readily be restored to an operable condition. The court made the factual determination that the pistol was incomplete, in poor repair and inoperable.
Defendant acknowledges that many California cases hold that the operability of a firearm is not an element for certain sections of the Dangerous Weapons’ Control Law (Pen. Code, § 12000 et seq.),[2] but urges that those opinions do not apply to section 12025, subdivision (a). We agree.
In People v. Jackson (1968) 266 Cal.App.2d 341, 347 [72 Cal.Rptr. 162], the court held that section 12021 (possession of a concealable firearm by an ex-felon) prohibited only the carrying of an operable weapon. The Legislature then amended section 12001, subdivision (b), to provide that as “used in Sections 12021, 12072, and 12073, the terms ‘pistol,’ ‘revolver,’ and ‘firearm capable of being concealed upon the person’ include the frame or receiver of any such weapon.” The amendment thus negated the requirement in Jackson of operability. (People v. Thompson (1977) 72 Cal.App.3d 1, 4 [139 Cal.Rptr. 800].)
*Supp. 3 Sections 12021, 12072 and 12073 relate to the possession of a concealable weapon by certain classes of persons. By referring to those sections in amending section 12001 the Legislature made clear that an ex-felon or narcotics addict could not, under any circumstances, possess an operable or inoperable pistol, revolver or other concealable firearm. (§ 12021.) To further control possession by certain classes of persons, the Legislature made clear that no person or business could sell or transfer such a weapon or the frame or receiver of such a weapon to any persons in the prohibited classes. (§ 12072.)[3] Thus, the Legislature in amending section 12001 was concerned with possession by persons who should not possess concealable firearms.
In contrast, section 12025 chiefly regulates the possession in public or in a vehicle, of unloaded concealable firearms by persons permitted to possess such weapons.[4]
People v. Nelums (1982) 31 Cal.3d 355 [182 Cal.Rptr. 515, 644 P.2d 201], relied on by the People, which held that operability was not limited to violations of sections 12021, 12073 and 12074, impliedly recognized that the Legislature was concerned with persons who ought not to have firearms. Nelums involved sections 12022, subdivision (a), and 12022.5. These sections do not relate to the possession of weapons otherwise lawfully possessed. Rather, section 12022, subdivision (a), provides an enhanced punishment for a person who is armed with a firearm while committing a felony, and section 12022.5 provides an enhanced punishment for a person who personally uses a firearm while committing a felony. Given the purpose of those sections, the Supreme Court in People v. Nelums, supra, 31 Cal.3d 355, held that a person is “armed with a firearm” within the meaning of Penal Code section 12022, subdivision (a), even if the weapon is inoperable (31 Cal.3d at p. 360), and approved those cases holding that a person “uses a firearm” within the meaning of section 12022.5 whether or not the weapon is operable. (Id.., at p. 359.)
The court reasoned: “[Substantial risks of harm by a resisting victim or third person exist whether or not the offender’s firearm is operable. Although such risks may be minimal if the firearm remains concealed, armed offenders frequently may passively display their firearms, without actually using them to facilitate the commission of their offenses. Such passive display may *Supp. 4 stimulate resistance. Moreover, the Legislature reasonably could have sought to discourage persons from arming themselves with an inoperable firearm, whether or not concealed, because of the potential for harm in the event that the firearm is ultimately displayed and used. It follows that even though defendant may not have actually used his firearm, his mere act of carrying it created the additional risks of harm which fully justify an enhanced penalty.” (31 Cal.3d at pp. 359-360.)
We note that under Penal Code section 12025, firearms “carried openly in belt holsters are not concealed . . . .” Thus part of the theory underlying Nelums does not apply to the lawful transportation of a concealable firearm. (“. . . armed offenders . . . may passively display their firearms . . . .” (31 Cal.3d at p. 360.))
In short, we conclude that the Legislature did not intend to include inoperable weapons within the meaning of a concealable weapon the public possession and transportation of which is regulated by section 12025.[5]
The judgment is reversed.
Cooperman, P. J., and Bernstein, 1, concurred.

The expert, although testifying that the “barrel” was “missing,” also testified that there was “tooling” on the “breach” to which a “barrel” would be affixed. We have examined the weapon; the “tooling” looks like a very short “barrel.”

All references are to the Penal Code.

Section 12073 requires a dealer to keep a register qf transactions involving pistols, revolvers, or other concealable weapons.

Section 12026 authorizes persons not within the prohibited classes to possess concealable firearms in their homes or businesses. Section 12031 prohibits possession in a public place or vehicle of any loaded firearm, whether or not concealable. Although section 12025 is violated when anyone, including a felon, possesses a concealable firearm, that section is necessary only to control the acts of a person otherwise permitted to possess the weapon.

We emphasize that this opinion is limited to the possession of an unloaded inoperable concealable firearm. (Cf. People v. Hale (1974) 43 Cal.App.3d 353, 356 [117 Cal.Rptr. 697] [dictum re disassembled concealable firearm]; People v. Taylor (1984) 151 Cal.App.3d 432, 436-437 [199 Cal.Rptr. 6] [dictum re operability of loaded firearm].)