Filed 1/25/16  P. v Garcia CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES GREGORY GARCIA,<br><br>    Defendant and Appellant. | B265149<br>(Los Angeles County<br>Super. Ct. No.  KA031564) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner, Executive Director for California Appellate Project and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

In 1996, appellant James Gregory Garcia was convicted of possession of a firearm by a felon, and was sentenced to a term of 25 years to life as a "three strike" offender. In the underlying action, the trial court denied appellant's motion under Penal Code section 1170.126 to be resentenced pursuant to the Three Strikes Reform Act of 2012 (Reform Act).[1] We reject his challenge to that ruling and affirm.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In 1996, appellant was charged with being a felon in possession of a firearm (former § 12021, subd. (a)(1)).[2] Accompanying the charge were allegations that appellant had suffered two prior convictions constituting strikes under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

At trial, the prosecution presented evidence that on March 31, 1996, Los Angeles County Sheriff's Department deputy sheriffs responded to a call that someone was in a house "known to be for sale and unoccupied." Inside the house, the deputies found appellant lying on the living room floor, one or two feet from a duffle bag. Appellant told the deputies that his duffle bag contained his rental agreement for the house. In searching the bag, the deputies found no rental agreement, but discovered a semi-automatic pistol. Appellant told the deputies that he had found the pistol a week earlier. Inside appellant's wallet, the deputies found a magazine containing two live rounds. The magazine fitted into the pistol.

On July 26, 1996, a jury found appellant guilty of being a felon in possession of a firearm, and found true the allegations that he had suffered

---

[1]     All further statutory citations are to the Penal Code.

[2]     The offense of being a felon in possession of a firearm is now codified in section 29800, subdivision (a)(1).

2

convictions for voluntary manslaughter in 1980 and residential burglary in 1987. The trial court sentenced appellant to a term of 25 years to life under the Three Strikes law.

In 2012, the electorate enacted the Reform Act by approving Proposition 36. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 169-170.) The Reform Act amended the Three Strikes law to provide that absent specified exceptions, an offender with two or more prior strikes is to be sentenced as a two strike offender unless the new offense also is a strike, that is, a serious or violent felony.[3] (See *ibid.*) The Reform Act also added section 1170.126, which creates a post-conviction resentencing proceeding for specified inmates sentenced under the prior version of the Three Strikes law. (*Ibid.*) Under that statute, a defendant sentenced as a three strike offender may petition for recall of the sentence and for resentencing, but is subject to certain eligibility criteria. (§ 1170.126, subd. (e).)

In December 2012, appellant filed a petition for resentencing pursuant section 1170.126. On April 22, 2015, the trial court denied the petition with prejudice, concluding that appellant was ineligible for resentencing because he was armed with a firearm during his commission of the offense of being a felon in possession of a firearm (§§ 667, subd. (e)(2)(C)(iii), 1170.126, subd. (e)(2)). This appeal followed.

## DISCUSSION

Appellant contends the trial court erred in finding him ineligible for resentencing under an exclusion that applies if "[d]uring the commission of the current offense, [that is, the offense which the resentencing petition targets] the

---

[3]     Generally, an offense is a "'strike'" if it is either a "'violent felony'" under section 667.5, subdivision (c), or a "'serious felony'" under section 1192.7, subdivision (c). (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1525.)

defendant . . . was armed with a firearm or deadly weapon . . . ." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2); see *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1327 (*Bradford*).) Appellant argues that the exclusion should not be construed "so as to render ineligible for a sentence recall anyone who committed a crime [of being a felon in possession of a firearm] . . . simply because it includes access to a weapon, without requiring that such access be for the purpose of furthering another criminal act." As explained below, we reject his contention.[4]

The key issue before us concerns the circumstances under which the offense of being a felon in possession of a firearm is subject to the eligibility exclusion relating to "armed" offenders. Generally, courts interpreting the term "armed" in the exclusion have sought guidance from *People v. Bland* (1995) 10 Cal.4th 991 (*Bland*), which examined a sentencing enhancement set forth in section 12022, subdivision (a), applicable to defendants "'armed with a firearm in the commission

---

[4]    To the extent appellant presents an issue of statutory interpretation, our inquiry applies established principles. "'In interpreting a voter initiative like [the Reform Act], we apply the same principles that govern statutory construction. [Citation.]' [Citation.] '"The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]"' [Citation.] 'In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]' [Citation.] We also '"refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1014 (*Cervantes*).)

or attempted commission of a felony . . . .'" (*Bland, supra,* 10 Cal.4th at p. 998.) Our Supreme Court concluded that under the enhancement, the term "armed" means that the defendant had the firearm "available for offensive or defensive use." So understood, the term "armed" encompasses unloaded and inoperable firearms, as such weapons that "create[] a risk of harm because [their] passive display 'may stimulate resistance.'" (*Id*. at pp. 1004-1006, quoting *People v. Nelums* (1982) 31 Cal.3d 355, 360.) The court further concluded that the enhancement also demands the satisfaction of certain requirements beyond the mere existence of arming, stating: "[B]y specifying that the added penalty applies only if the defendant is armed with a firearm 'in the commission' of the felony offense, [the enhancement] implicitly requires both that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense." (*Bland*, *supra*, 10 Cal.4th at p. 1002.)

In construing the eligibility exclusion relating to "armed" offenders, our focus is on the crime of being a felon in possession of a firearm. "The elements of this offense are conviction of a felony and ownership or knowing possession, custody, or control of a firearm. [Citations]. 'A defendant possesses a weapon when it is under his dominion and control. [Citation.] A defendant has actual possession when the weapon is in his immediate possession or control. He has constructive possession when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either directly or through others. [Citations.]' [Citation.] 'Implicitly, the crime is committed the instant the felon in any way has a firearm within his control.' [Citation.]" (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029-1030 (*Osuna*).) As explained in *Osuna*, because one may possess a gun without it being available for one's use, a defendant may commit the offense of being a felon in possession of a firearm without having satisfied the definition of "'armed'" set forth in *Bland*. (*Id*. at p. 1030.)

5

Numerous courts have determined that under the Reform Act, the offense of being a felon in possession of a firearm falls under the pertinent eligibility exclusion when the possession in question amounted to arming, as specified in *Bland*. (*People v. White* (2014) 223 Cal.App.4th 512, 524-525; *Cervantes*, *supra*, 225 Cal.App.4th at pp. 1012-1018; *Osuna*, *supra*, 225 Cal.App.4th at pp. 1028-1038; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1051-1057; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 793-799; *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-284 (*Hicks*); see *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314 & fn. 6 [agreeing with *Osuna*].) Instructive discussions of the exclusion are found in *Osuna*, *Hicks*, and *Elder*.

In *Osuna*, the defendant drove his car at an excessive speed and refused to yield to a police officer who tried to pull him over. (*Osuna*, *supra*, 225 Cal.App.4th at pp. 1027.) The defendant eventually stopped, left his car while holding a gun, and fled into a house. (*Ibid*.) After arresting the defendant, officers found an unloaded nine-millimeter gun hidden in the house and nine-millimeter ammunition in the car. (*Ibid*.) The defendant was convicted of being a felon in possession of a firearm and obstructing a police officer, and was sentenced as a three strike offender. (*Id*. at pp. 1026-127.)

When the defendant sought resentencing, the trial court determined that he was ineligible for relief because he was armed with a firearm during the commission of his "current offense," that is, being a felon in possession of a firearm. (*Osuna*, *supra*, 225 Cal.App.4th at p. 1028.) In affirming that ruling, the appellate court concluded that the offense did not, by itself, render the defendant ineligible absent a showing that he was armed, as defined in *Bland*, viz., that the firearm was available to him for offensive or defensive use. (*Id*. at p. 1030.) The court recognized that "[h]aving a gun available does not further or aid in the commission of the crime of possession of a firearm by a felon," but concluded that

6

the exclusion mandates no showing that the arming promoted the "'current offense.'" (*Id*. at p. 1032.) The court determined that the exclusion demands only a temporal nexus -- but no facilitative nexus -- between the arming and the offense of being a felon in possession of a firearm, as the exclusion merely requires that the arming occur "during" the commission of the offense, unlike the enhancement construed in *Bland*, which requires that the arming occur "in" the commission of the offense. (*Id*. at pp. 1032-1033.)

In *Hicks*, police officers frisked the defendant after he appeared to throw away a bag containing drugs, and found he had several .380 caliber bullets. (*Hicks*, *supra*, 231 Cal.App.4th at pp. 280-281.) When the officers searched a nearby apartment, they found a backpack containing a loaded .380 caliber gun. (*Ibid*.) A witness told the officers that the defendant had carried the backpack into the apartment. (*Ibid*.) The defendant was convicted of possession of a firearm as a felon and sentenced as a three strike offender on the basis of that offense. (*Id*. at p. 279.) Later, the trial court rejected the defendant's petition for resentencing, concluding that he was armed with a firearm when he committed the offense of possessing a firearm as a felon. (*Id*. at pp. 279-280, 284.) The appellate court affirmed that ruling, applying an interpretation of the exclusion identical to that set forth in *Osuna*. (*Id*. at pp. 283-284.) In construing the exclusion, the court rejected the defendant's contention that it required the existence of an "underlying felony to which the arming is 'tethered.'" (*Id*. at p. 283.) The court explained that although the contention would be correct if directed at the arming enhancement discussed in *Bland*, it failed in light of the plain language of the exclusion, which concerns eligibility for reduced punishment. (*Ibid*.) As the court noted, the exclusion requires no facilitative nexus between the arming and any offense. (*Ibid*.)

In *Elder*, police officers executing a search warrant for an apartment found

the defendant standing outside the apartment. (*Elder*, *supra*, 227 Cal.App.4th at p. 1317.) The defendant admitted that he lived there. (*Ibid*.) Inside the apartment, the officers discovered two guns and a photo of the defendant holding one of them. (*Ibid*.) After being convicted of being a felon in possess of a firearm, he was sentenced as a three strike offender. (*Id*. at p. 1311.) Following the denial of his petition for resentencing, he contended on appeal that under the exclusion, "ineligibility for resentencing for being 'armed' . . . require[s] something beyond the substantive offense of possession itself," relying on decisions interpreting the enhancement discussed in *Bland*. (*Id*. at p. 1312.) In affirming the denial of the petition, the appellate court rejected that contention, stating: "The illogic of this line of reasoning rests on its conflating the *criterial definition* of an ineligible *offense* (being armed during the commission of such offense) with the derivative nature of the armed *enhancement* (which requires being armed *in* the commission of an offense)." (*Id*. at pp. 1312-1313.)

Here, the record establishes that appellant was armed with a firearm -- that is, had a gun available to him for offensive or defensive use -- during his possession of the firearm as a felon.[5] The evidence submitted in connection with appellant's petition unequivocally showed that when detained, appellant was less than two feet from a gun in his duffle bag, that he admitted possession of the gun,

---

[5] As the resentencing provisions of section 1170.126 do not require that the eligibility facts have been resolved by the verdicts or special findings rendered at trial, many decisions have concluded that the trial court may independently examine the record of conviction in order to make determinations regarding those facts. (*White*, *supra*, 223 Cal.App.4th at pp. 526-527; *Osuna*, *supra*, 225 Cal.App.4th at p. 1020; *People v. Manning* (2014) 226 Cal.App.4th 1133, 1139-1144; *Elder*, *supra*, 227 Cal.App.4th at pp. 1314-1316; *Bradford*, *supra*, 227 Cal.App.4th at pp. 1338-1340; *Brimmer*, *supra*, 230 Cal.App.4th 782, 799-801; *Hicks, supra*, 231 Cal.App.4th at p. 275.)

and that his wallet contained a loaded magazine fitting the gun. Appellant was thus armed with a firearm, as specified in *Bland*. (See *Cervantes*, *supra*, 225 Cal.App.4th at pp. 1011-1018 [defendant's offense of being a felon in possession of a firearm rendered him ineligible for resentencing under the Reform Act when the evidence showed that at the time of appellant's arrest, his gun was eight feet from him in his wife's purse].)[6]

Appellant contends the pertinent exclusion, viewed in the context of the Reform Act, must be interpreted to require a facilitative nexus between arming and an offense independent of the crime of being a felon in possession of a firearm. Under the Reform Act, subdivision (e)(2) of section 1170.126 provides that a defendant is not eligible for resentencing if his or her current sentence was imposed for an offense appearing in three provisions stated in materially identical terms in both sections 667 and 1170.12 (§§ 667, subd. (e)(2)(C)(i) - (iii), 1170.12, subd. (c)(2)(C)(i)-(iii).) Of those three provisions, two enumerate particular offenses rendering a defendant ineligible for resentencing. (§§ 667, subd. (e)(2)(C)(i) - (ii), 1170.12, subd. (c)(2)(C)(i)-(ii).) The remaining provision, which incorporates the exclusion at issue here, states that the defendant is ineligible if: "During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Appellant maintains that the structure of the three provisions establishes that the pertinent exclusion applies only when the arming is related to, or promotes, an

---

[6]     Appellant suggests that he was effectively unarmed when arrested, as his opening brief notes that at the hearing on the resentencing petition, his counsel argued that the gun was inoperable. However, any such contention fails in light of *Bland*. (*Brimmer*, *supra*, 230 Cal.App.4th at p. 799.)

offense other than being a felon in possession of a firearm. He argues: "Where the statute is meant to exclude specific offenses entirely, it so states, but where it is meant to exclude an offense only if something beyond its mere commission occurs, it states 'during the commission of' the offense something else happens." He further asserts that the factors identified in the third provision "must attach to the current offense as an addition and not just be an element of the current offense," and that the phrase "'during the commission of the current offense'" makes sense only if "there is another offense to which the arming attaches." (Italics deleted.) We disagree.

Although the third provision specifies circumstances rendering the current offense ineligible for resentencing, nothing in it suggests that those circumstances must attach to a crime other than the current offense. As noted in *Bradford*, the provision, on its face, refers to "facts attendant to commission of the actual offense," that is, the offense for which the defendant seeks resentencing. (*Bradford*, *supra*, 227 Cal.App.4th at p. 1332.) The provision thus encompasses the offense of being a felon in possession of a firearm when the manner in which *that* crime was committed involved arming.[7]

---

[7] In a related contention, appellant maintains that the word "during" in the eligibility exclusion must be construed as having the same meaning as the word "in," as used in the enhancement construed in *Bland*. To support that contention, appellant notes that courts have sometimes interpreted the word "in" to express a purely temporal relationship. He directs our attention to *People v. Poroj* (2010) 190 Cal.App.4th 165, 176 and *People v. Valdez* (2010) 189 Cal.App.4th 82, 90, which examined an enhancement stated in section 12022.7, subdivision (a), applicable to defendants who personally inflict great bodily injury "in the commission of a felony or attempted felony . . . ." In each case, appellant argues, the court interpreted the word "in" to convey a temporal relationship between the criminal conduct and the injury. (*Poroj*, *supra*, 190 Cal.App.4th at pp. 172-176; *Valdez*, *supra*, 189 Cal.App.4th at p. 90.)

*(Fn. continued on next page.)*

10

Appellant also contends that so construing the eligibility exclusion would frustrate the goals of Proposition 36. He argues that "the purpose of Proposition 36 was to give lesser sentences to the less dangerous felons while making sure that the truly dangerous felons were kept behind bars. . . . Having a weapon readily available for use is generally not considered dangerous; it is a right protected by the federal constitution. It only becomes dangerous when it might facilitate a crime, when it might be used for violence." However, the election materials relating to Proposition 36 state that it was not intended to afford relief to offenders who committed "'gun-related felonies'" or whose third strike "'involved firearm possession.'" (*Cervantes*, *supra*, 225 Cal.App.4th at p. 1016, italics deleted.) As explained in *Elder*, although "possession of a gun of itself is not criminal, a *felon's* possession of a gun is not a crime that is merely *malum prohibitum*. . . . '[P]ublic policy generally abhors even momentary possession of guns by convicted felons who, the Legislature has found, are more likely to misuse them.' [Citation.] Therefore, even if the great majority of commitments for unlawful gun possession come within our interpretation of this eligibility criterion, it would not run afoul of the voters' intent." (*Elder*, *supra*, 227 Cal.App.4th at p. 1314, quoting *People v. Pepper* (1996) 41 Cal.App.4th 1029, 1037-1038.) In sum, the trial court did not err in denying appellant's petition for recall of his sentence and resentencing.

---

Appellant's contention fails, as nothing within the eligibility exclusion suggests that the word "during" there has the complex meaning attributed to the word "in" in *Bland*, which viewed "in" as conveying both a temporal and a facilitative relationship. The word "during" ordinarily has a purely temporal meaning. (Merriam-Webster's Collegiate Dict. (1995) p. 360 [defining "during" to mean "throughout the duration of"].) The fact that the word "in" sometimes has a purely temporal meaning does not show that the word "during," as found in the eligibility exclusion, expresses a facilitative relationship in addition to a temporal one.

11

## DISPOSITION

The order of the trial court is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

12