[Crim. No. 3758. Fifth Dist. Mar. 18, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN THOMAS WILLIAMS, Defendant and Appellant.

508

**COUNSEL**

Paul Halvonik and Quin Denvir, State Public Defenders, under appointment by the Court of Appeal, Richard L. Phillips and Gayle Guynup, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Ramon M. de la Guardia, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**CONDLEY, J.**[*]—Appellant was convicted upon his guilty plea of robbery (Pen. Code, § 211) with a prior prison term (Pen. Code, § 667.5, subd. (b)). As part of a plea bargain, two other alleged priors and separate robbery and burglary charges were dismissed. Appellant's notice of appeal reflects that it is based solely on grounds occurring after entry of his guilty plea.

### Aggravation—Personal Background Factors

Appellant first contends that the trial court erred in imposing an aggravated base prison term based on personal background factors. *People* v. *Cheatham* (1979) 23 Cal.3d 829 [153 Cal.Rptr. 585, 591 P.2d 1237] disposes of this issue adverse to appellant's contention.

### Aggravation—Due Process

Appellant contends that Penal Code section 1170, subdivision (b), violates due process because it deprives the defendant of the right to jury trial and proof beyond a reasonable doubt as to circumstances in aggravation. *People* v. *Betterton* (1979) 93 Cal.App.3d 406 [155 Cal.Rptr. 537] disposes of this contention. (See also *People* v. *Nelson* (1978) 85 Cal.App.3d 99 [149 Cal.Rptr. 177].)

### Aggravation —Reliance on Arrests

■ Appellant contends that resentencing is required because the trial court relied on his prior arrests in finding that he had engaged in a pattern of violent conduct, which in turn was one of several reasons stated for imposition of the upper base term. Appellant reasons that, excluding said arrests, his available convictions would not establish a pattern of violent conduct.

---

[*]Assigned by the Chairperson of the Judicial Council.

Excluding arrests, the report of the probation officer paints the following portrait of appellant's criminal career. In 1966, appellant was made a ward of the juvenile court for pursesnatching, a reduction from strong-arm robbery. In 1967, appellant was committed to the State Training School for Boys in Elko, Nevada, for armed robbery. In 1968 —appellant having been paroled five months earlier—a jury convicted appellant of grand theft from the person. In 1970, appellant was committed to state prison for robbery. In 1977, appellant was convicted of attempted grand theft, a reduction from robbery, for which appellant was arrested. In 1978, appellant was convicted of the present strong-arm robbery.

Appellant asserts that the dual-use-of-facts doctrine (see Pen. Code, § 1170, subd. (b)) precludes reliance on the 1968 prior because that had already been used to enhance his sentence. *People* v. *Roberson* (1978) 81 Cal.App.3d 890 [146 Cal.Rptr. 777] supports this view. (But cf. *People* v. *Pinon* (1979) 96 Cal.App.3d 904, 910-911 [158 Cal.Rptr. 425].) Assuming that the 1968 prior is unavailable, the remaining adjudications and convictions, up to and including the present offense, amply establish a pattern of violent conduct on appellant's part. This being the case, the premise of appellant's contention fails.

### PRIOR CONVICTION—ADMISSION

■ ■ Appellant contends that he never admitted the 1968 prior felony conviction upon which the trial court imposed a one-year enhancement. (Pen. Code, § 667.5.) Rather, he contends that the transcript of the guilty plea proceedings shows that he only admitted the charged robbery, without separately admitting the prior.

Penal Code section 1237.5 provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where:

"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

The Supreme Court has interpreted this section to refer to the proceedings *resulting in the plea*. (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872].) Appellant's contention, of course, raises an alleged defect in the guilty plea proceedings. But the record contains neither a certificate of probable cause nor an application therefor. This being the case, appellant's contention is not cognizable on this appeal.

Assuming that the contention is cognizable, it lacks merit. The record reflects that on February 23, 1978, appellant appeared in municipal court with counsel. Also present was Deputy District Attorney Frank Hoover. The deputy district attorney informed the judge that there were two complaints before the court and that appellant would be pleading guilty to a robbery which occurred on January 26. This colloquy followed:

"MR. HOOVER: Mr. Williams is going to enter a plea as charged to that complaint. He is going to admit he was convicted of a felony. We are going to strike the other two.

"Mr. Ulman informs me the last alleged prior resulted in a reversal, which no longer is valid.

"THE COURT: That would be in count two?

"MR. HOOVER: Yes.

"No, there is only one count.

"We are alleging three prior convictions. Mr. Ulman informs me that the third conviction which we have alleged has been reversed and didn't appear on the rap sheet.

"THE COURT: That leaves two.

"MR. HOOVER: We are striking the second one. He is going to admit the first one.

"THE COURT: So he is just going to admit the first one?

"MR. HOOVER: Right.

"THE COURT: Which means, Mr. Williams, that the maximum sentence you could get with one prior being used as an enhancement would be up to five years in state prison. Do you understand that?

"THE DEFENDANT: (Nodding head affirmatively.)"

Mr. Hoover added that the district attorney would dismiss separate robbery and burglary charges against appellant. The colloquy continued:

"[THE COURT:] What I am talking about now is the one you are talking about having him plead to under the terms of this proposed plea bargain.

"MR. HOOVER: Right.

"I want to make sure the record reflected the totality of the understanding.

"THE COURT: All right.

"You do understand that you could get up to five years if you plead guilty to this one charge with admitting a prior felony conviction?

"THE DEFENDANT: Yes, I do.

"THE COURT: And do you understand what your right to have a jury trial means?

"THE DEFENDANT: Yes.

"THE COURT: And do you understand what the right of cross-examination is?

"THE DEFENDANT: Yes, I do.

"THE COURT: And do you understand that you have the right to produce evidence and witnesses in your own behalf, including the use of the subpoena power to compel the attendance of witnesses you would desire to testify for you?

"THE DEFENDANT: Yes.

"THE COURT: And do you understand that there is no charge for the use of subpoenas, that that is paid for by the county?

"THE DEFENDANT: (Nodding head affirmatively.)

"THE COURT: And do you understand that you have the right to remain silent, that a plea of guilty is obviously a waiver, or giving up, that right to remain silent, because there is nothing more incriminating than a plea of guilty? Do you understand that?

"THE DEFENDANT: Yes, I do.

"THE COURT: And in order to plead guilty, you have to give up each and all of those rights that I just mentioned. Do you give up those rights?

"THE DEFENDANT: Yes, I do.

"THE COURT: And does counsel stipulate there is a factual basis for the plea to count one?

"MR. ULMAN: Yes, sir.

"THE COURT: That is January 26, 1978, and the alleged prior conviction on October 31, 1968.

"MR. ULMAN: Yes.

"THE COURT: Has any other inducement or promise of reward or threat against you or any member of your family been made to get you to change your plea other than the things we have talked about now, the dismissal of all these other charges?

"THE DEFENDANT: Nothing other than the plea bargain.

" . . . . . . . . . . . . . . .

"THE COURT: We have discussed everything here so far, the dismissal of charges and alleged priors, that has gone into negotiations?

"MR. ULMAN: Yes.

" . . . . . . . . . . . . . . .

"[THE COURT:] Now, the sixty-four-dollar question.

"Do you plead guilty to this charge, Mr. Williams?

"THE DEFENDANT: Yes, I do.

"THE COURT: All right.

"Then I believe we have covered all the matters here.

"The court finds the defendant has made a knowing and voluntary and intelligent waiver of his rights and is aware of the consequences of his plea...."

The trial court then dismissed "[a]ll other counts and alleged priors."

Penal Code section 1025 provides: "When a defendant who is charged in the accusatory pleading with having suffered a previous conviction pleads either guilty or not guilty of the offense charged against him, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer must be entered in the minutes of the court, and the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by a jury impaneled for that purpose, or by the court if a jury is waived. The refusal of the defendant to answer is equivalent to a denial that he has suffered such previous conviction. In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial."

Appellant argues that he was never asked whether he suffered and never admitted the prior. Therefore, with geometric logic, he concludes the void in the record constituted a denial of the prior. Since the prosecution failed to fill the void with proof, appellant concludes that the prior must be stricken.

Without expressing the slightest interest in disavowing the benefits of the plea bargain, appellant seeks to shed its burdens. He cannot do

so here. When appellant was asked whether he pled guilty to "this charge," it is obvious that all the participants understood the reference to "this charge" to include the principal offense and the one prior felony conviction.

It is reasonably apparent that the purpose behind Penal Code section 1025's requirement that a defendant personally answer that he has suffered the subject prior conviction is the same purpose behind Penal Code section 1018's requirement that the defendant personally enter a guilty plea: to ensure that the incriminatory statement is the defendant's own. (*In re Martinez* (1959) 52 Cal.2d 808, 815 [345 P.2d 449].)

Here, there is no question but that the guilty plea was appellant's own. The only question is whether it subsumed within it an admission of the prior. Clearly it did. Appellant expressly stated that he understood that he could receive five years in prison "if you plead guilty to this one charge with admitting a prior felony conviction." Appellant's trial counsel stipulated to a factual basis for the prior to be admitted. Appellant obviously understood the scope of the plea bargain and it must be inferred that his guilty plea included an admission of the prior.

## PRIOR CONVICTION—*YURKO* ERROR

Appellant's contention that the trial court failed to separately advise him of the rights which his admission of the prior would waive, per *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561], is not cognizable on this appeal. (See *People* v. *Turner* (1975) 44 Cal. App.3d 753, 756 [118 Cal.Rptr. 924].)

## PRIOR CONVICTION—ORAL PRONOUNCEMENT

Finally, appellant contends that the trial court's failure to specifically sentence him to prison for his prior felony conviction at the time of the oral pronouncement of judgment necessitates a striking of the prior. He relies on *In re Candelario* (1970) 3 Cal.3d 702, 706 [91 Cal.Rptr. 497, 477 P.2d 729].

There, the petitioner admitted a charged prior felony conviction, but neither the trial court minutes of the sentencing proceedings nor the abstract of judgment contained a finding on the prior conviction. After the

petitioner was remanded, the trial court filed an amended abstract of judgment to which the prior conviction had been added. The Supreme Court directed the Adult Authority to fix sentence and determine parole eligibility on the basis of the original abstract. The court held that the record did not permit a finding that the error was clerical, as opposed to the result of exercise of judicial discretion. Therefore, the amendment could not be made under the authority to correct clerical errors. The court reasoned: "Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true. [Citation.] Even when, as in the present case, the defendant admits the prior conviction before trial, the court is not compelled to make a finding on the charge. [Citation.] '[B]eing silent upon the matter of a prior conviction, the judgment must be construed as one imposing a sentence for a first offense only.' [Citation.] It cannot be presumed in every case, therefore, that failure of the court to include the prior conviction in the judgment is inadvertent clerical error." (*In re Candelario, supra*, 3 Cal.3d at pp. 706-707, fns. omitted.)

The court rejected a contention that the trial court references during sentencing to the prior conviction supported a finding that the error was clerical, that the trial court inadvertently failed to include the prior conviction in its judgment.

In *People* v. *Mesa* (1975) 14 Cal.3d 466, 470-472 [121 Cal.Rptr. 473, 535 P.2d 337], the Supreme Court reached the same result where both the minutes and the abstract referred to the defendant's priors, but the trial court failed to mention them in pronouncing judgment. The court explained: "The Attorney General seeks to distinguish *Candelario* on the ground that the prior convictions here were mentioned in the minute order of judgment and the original abstract of judgment. The attempted distinction fails. As the Los Angeles Superior Court Criminal Trial Judge's Bench Book states on page 452: 'Rendition of judgment is an oral pronouncement.' Entering the judgment in the minutes being a clerical function (Pen. Code, § 1207), a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error. Nor is the abstract of judgment controlling. 'The abstract of judgment is not the judgment of conviction. By its very nature, definition and terms (see Pen. Code,

§ 1213.5) it cannot add to or modify the judgment which it purports to digest or summarize.' [Citation.]

"In pronouncing judgment, the trial judge must make it clear the defendant is sentenced as one whose prior conviction has been admitted or found true." (*People* v. *Mesa, supra*, 14 Cal.3d at pp. 471-472.)

The probation officer's report herein recommended imposition of a four-year upper base term plus a one-year enhancement for the prior conviction. The trial court orally pronounced this judgment: "THE COURT: The court will find that there are circumstances in aggravation, and that the defendant has engaged in a pattern of violent conduct, and he is a very serious danger to society. His prior convictions as an adult are numerous, and are being constantly serious, more serious, and he has served two prior prison terms.

"So it will be the order and judgment of this court that the defendant be sentenced to the Department of Corrections for a period of five years."

The abstract of judgment dated and filed April 14, 1978, the day of sentencing, reflects that appellant was sentenced to state prison for the upper base term of five years but makes no reference to a Penal Code section 667.5, subdivision (b), enhancement. On May 23, 1978, an amended abstract was filed which reflected that appellant was sentenced to a four-year upper base term plus a one-year Penal Code section 667.5 enhancement.

Appellant argues that the trial court's failure to mention the prior during the oral pronouncement of judgment operates as a finding that the prior was not true. Respondent asserts that *Candelario* and *Mesa* do not apply to determinate sentence law cases because of Penal Code section 1170.1, subdivision (g), which provides: "(g) Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7 if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."

Respondent argues that this section creates "a presumption that an enhancement for a prior felony conviction has been imposed even when

it is not mentioned at the oral pronouncement of judgment. The burden is now on the court and the defendant to show that the court intended to strike the prior conviction for purposes of leniency." Alternatively, respondent argues that the sentencing record shows that the trial court was not in a lenient frame of mind and must have intended to sentence appellant on the prior offense since the "five-year term was only possible when enhancement for a prior felony conviction was added to the aggravated [four-year] term."

We agree with respondent that extension of the *Candelario* rationale to DSL cases would undermine the legislative requirement of a statement of reasons on the record for the striking of Penal Code section 667.5 enhancement. (Cf. *People* v. *Dixie* (1979) 98 Cal.App.3d 852, 857 [159 Cal.Rptr. 717].) One clear purpose of this requirement is to permit appellate review (and possible reversal for abuse of discretion) of an order striking an enhancement.

Even where a trial court expressly states that it intends to strike the prior as an act of leniency, it must state supporting reasons on the record. Since an express showing of lenient intent is not enough without more to uphold the striking of an enhancement, then it follows that an *inference* of lenient intent is not enough to warrant a striking of the prior. Were it otherwise, then a trial court could circumvent any appellate review of its reasons for striking an enhancement by simply not mentioning the prior at all in the oral pronouncement of judgment.

On the other hand, we are not persuaded that the trial court *ever exercised its discretion* as to whether to strike the prior. Because appellant is entitled to the exercise of this discretion, the case must be remanded for resentencing.

We do not hold that a trial court must affirmatively state on the record that it has exercised its discretion against striking the additional punishment for an enhancement. In the typical case, a trial court will refer to the enhancement while sentencing the defendant, which reference will permit an inference that the trial court exercised its discretion. In the instant case, no such inference may be drawn from the trial court's silence about the enhancement. Nor has respondent directed us to any other basis in the record for an inference that the trial court in fact exercised its discretion.

## Good-time/Work-time Credits

Appellant also contends that Penal Code sections 2900.5 and 4019 entitle him to good-time/work-time credits for presentence custody. The Supreme Court decision in *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874] holds that equal protection compels such conduct credit.

The judgment is reversed and remanded for the limited purposes of resentencing as to appellant's prior felony conviction and determination in accordance with *People* v. *Sage* of the conduct credit to which appellant is entitled for presentence confinement in county jail. In all other respects, the judgment is affirmed.

Brown (G. A.), P. J., and Zenovich, J., concurred.

A petition for a rehearing was denied April 11, 1980, and the opinion was modified to read as printed above.