[No. C058389. Third Dist. Dec. 2, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LOUIS FULTON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication
with the exception of parts I through III and V of the Discussion.

## Counsel

Scott N. Cameron, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, Charles A. French and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SIMS, Acting P. J.**—A jury convicted defendant David Louis Fulton of evading an officer with willful or wanton disregard (Veh. Code, § 2800.2, subd. (a); count I) and driving on a suspended license, a misdemeanor (Veh. Code, § 14601.1, subd. (a); count II). In bifurcated proceedings, defendant waived his right to a jury determination and entered a negotiated admission to a prior prison term allegation (Pen. Code, § 667.5, subd. (b)) in exchange for dismissal of the remaining allegations.

After denying defendant's motion to withdraw his admission to the prior prison term allegation, the trial court sentenced defendant to state prison for an aggregate term of four years.

Defendant appeals. With respect to his admission of the prior prison term, defendant filed a request but did not obtain a certificate of probable cause

(Pen. Code, § 1237.5; CPC). He contends (1) insufficient evidence supports his conviction for evading in that there was no evidence that an illuminated red lamp was visible from the front of the officer's vehicle, (2) the trial court failed to instruct the jury on one of two theories of guilt for evading and it cannot be determined which theory the jury relied upon in reaching its verdict, (3) his conviction for driving on a suspended license must be reversed because the trial court failed to instruct that defendant knew his license was suspended, (4) he did not knowingly and intelligently waive his constitutional rights in admitting the prior prison term allegation, and (5) the record is ambiguous as to the trial court's imposition of fees and fines for driving on a suspended license (count II). In an unpublished portion of this opinion, we agree that the record is ambiguous with respect to the fees and fines imposed on count II and will remand for clarification. We also reject defendant's remaining contentions and will otherwise affirm the judgment.

We previously concluded that defendant needed a certificate of probable cause to challenge his admission to the prior prison term allegation but granted rehearing, vacated our decision filed February 13, 2009, and allowed briefing on the issue. In the published portion, we now reaffirm our earlier conclusion.

## FACTS

About 10:25 a.m. on September 4, 2007, Tehama County Deputy Sheriff Stephen Hoag and Deputy Sheriff Knox were on patrol in Los Molinos when they saw an older model pickup truck with no license plates and two occupants. Each deputy wore a uniform which consisted of a "tan shirt, name plate, badge, green pants . . . duty belt, sidearm, handcuffs, [and] flashlight." The deputies were in a white patrol vehicle, which was marked "Sheriff" on the side and on the back. The patrol vehicle had "a light bar on top" and was "equipped with red forward-facing lights." Deputy Hoag turned on the overhead lights to stop the pickup truck. The pickup truck sped away at a high rate, "screeching . . . the tires." Deputy Hoag then activated the patrol siren. The pickup truck failed to stop at a stop sign, turned left onto the highway, causing traffic to "brake heavily to avoid a collision," and drove erratically, "fishtailing back and forth," and entered a dirt parking lot, passing pedestrians and other vehicles, including a tow truck. The tow truck driver, Ted Smith, heard over the police scanner that the deputies were in pursuit of the pickup truck and saw the pickup truck pass within five feet of the tow truck, making eye contact with the driver, defendant. Smith also saw the sheriff's patrol vehicle, which had on its lights and siren.

The pickup truck continued and failed to stop at a railroad crossing where the guard arms were coming down, hitting one of the arms. The pickup truck

turned onto a dirt access road and collided with a barrier of brush, stopping the pickup truck. Deputy Hoag was about 20 to 30 yards behind the pickup truck at the time. The pickup truck's driver and passenger got out and ran in opposite directions. The driver, defendant, had brown hair and was wearing a dark colored T-shirt and blue jeans. Deputy Hoag pursued defendant on foot. Defendant crossed the railroad tracks and headed back towards the highway. Deputy Hoag was unable to find defendant but heard over his radio that Deputy Knox had detained someone in the front yard of a home. Deputy Knox had driven the patrol car to the area where defendant had fled. So did Smith who had been watching defendant get out of the pickup truck and run. Smith drove his tow truck after defendant, stopped in an intersection, got out and confronted defendant. Defendant tried to hit Smith who was chasing defendant. Smith grabbed defendant and knocked him to the ground. Smith positively identified defendant as the driver of the pickup truck.

Deputy Hoag found that defendant had been detained by Deputy Knox and Smith. Defendant wore a dark shirt and blue jeans. When Deputy Hoag asked defendant what he was doing, defendant responded that he had a suspended license and did not want to go to jail. Defendant stated that he had been using the pickup truck to transport debris to another location.

Defendant did not testify and called no witnesses to testify on his behalf. Defense counsel questioned Deputy Hoag concerning the lack of a description of the passenger in his report. Deputy Hoag believed that the passenger had dark hair and a medium build, the same as defendant. Defense counsel elicited that defendant did not own the truck and no fingerprints were taken from the truck. Defense counsel also elicited that defendant never stated that he had been driving. Defense exhibit A, a drawing by Smith of the direction his tow truck was facing while listening to the scanner, was admitted into evidence.

## DISCUSSION

### I–III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV

Defendant contends that he did not knowingly and intelligently waive his right against self-incrimination and right to confrontation when he admitted the prior prison term allegation after the jury convicted him on the underlying

*See footnote, *ante*, page 1230.

offenses. Defendant did not obtain a CPC (Pen. Code, § 1237.5). In his supplemental brief, defendant asserts that a CPC is not required to raise this issue because "the judgment of conviction resulted from a jury verdict and not a guilty or no contest plea."[4] Defendant claims that Penal Code section 1237.5 "is limited by its very terms to appeals taken from a judgment of conviction upon a guilty or no contest plea."[5] Defendant argues that his "conviction was not based on his admission to the prior prison commitment; but rather it was factored in his sentence." He claims that case law, specifically *People v. Perry* (1984) 162 Cal.App.3d 1147 [209 Cal.Rptr. 414] (*Perry*) and *People v. Williams* (1980) 103 Cal.App.3d 507 [163 Cal.Rptr. 169] (*Williams*), has required a CPC to challenge an admission to an enhancement where the defendant likewise entered a no contest or guilty plea to the underlying offenses. After noting the policy justifications for the requirement, defendant states that it would be a waste of judicial resources to require him to request a CPC and the trial court to consider whether to issue one.

Notably, defendant does not cite any authority for the proposition that a CPC is not required under the circumstances here. Relying exclusively upon *Perry, supra,* 162 Cal.App.3d 1147, the People claim a CPC is required. We conclude that defendant's failure to obtain a CPC in order to challenge a procedural irregularity in the entry of his plea to the prior prison term allegation renders the issue noncognizable on appeal.

█ "Under [Penal Code] section 1237.5 and [California Rules of Court,] rule 31(d), first paragraph, the Court of Appeal generally may not proceed to the merits of the appeal, but must order dismissal thereof, unless the defendant has filed a statement of certificate grounds as an intended notice of appeal, and has obtained a certificate of probable cause, in full compliance therewith. [¶] Under rule 31(d), second paragraph, the Court of Appeal may

---

[4] Penal Code section 1237 provides:

"An appeal may be taken by the defendant:

"(a) From a final judgment of conviction except as provided in Section 1237.1 and Section 1237.5. A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon appeal from a final judgment the court may review any order denying a motion for a new trial.

"(b) From any order made after judgment, affecting the substantial rights of the party."

[5] Penal Code section 1237.5 provides:

"No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:

"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

nevertheless proceed to the merits of the appeal if the defendant has based his appeal solely on noncertificate grounds and has filed a notice of appeal so stating. It may accordingly address noncertificate issues. But it must decline to address certificate issues: *the presence of a notice of appeal stating noncertificate grounds does not supply the absence of a statement of certificate grounds and a certificate of probable cause.*" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099 [81 Cal.Rptr.2d 301, 969 P.2d 146], italics added.)[6]

In *Perry, supra,* 162 Cal.App.3d 1147, after the court advised the defendant that a motion to strike a personal use of a firearm allegation could not be brought on the ground that the firearm was inoperable, the defendant entered a plea of guilty to robbery and admitted the allegation and was sentenced to prison. On appeal, the defendant claimed the firearm was inoperable and that a motion to strike on such ground should have been considered and granted. (*Id.* at pp. 1149–1150.) *Perry* dismissed the appeal, finding that the lack of a CPC barred the defendant from raising error related to the court's advice prior to his plea. (*Id.* at pp. 1150–1152, 1153.) In concluding that Penal Code section 1237.5 applied to "an appeal which questions proceedings before appellant's admission of the use of a firearm," *Perry* stated: "[Penal Code s]ection 1237.5 applies to a judgment of conviction after a 'plea of guilty or nolo contendere.' At issue here is the validity or truth of a 'use' allegation. A technical, literal argument could be made that defendants do not 'plead guilty' to enhancement allegations, they 'admit' them. We can see no reason to draw such a fine distinction regarding the words used. Appellant's attack goes to this guilt or innocence, the truth of the alleged enhancement, and would require consideration of evidence. Such issues have been removed from consideration by the plea and admission." (162 Cal.App.4th at p. 1151.) *Perry* cited cases in which no CPC was required to review issues related to a

---

[6] California Rules of Court, former rule 31(d) (now rule 8.304), first paragraph, provided: "If a judgment of conviction is entered upon a plea of guilty or nolo contendere [in the superior court], the defendant shall, within 60 days after the judgment is rendered, file as an intended notice of appeal the statement required by section 1237.5 . . . ; but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. Within 20 days after the defendant files the statement the trial court shall execute and file either a certificate of probable cause or an order denying a certificate and shall forthwith notify the parties of the granting or denial of the certificate."

Former Rule 31(d) stated in its second paragraph: "If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere [in the superior court] is based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 . . . , the provisions of section 1237.5 . . . requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds."

*trial* on an enhancement even though the defendant had entered a plea to an underlying charge. (*Id.* at p. 1151, fn. 3.)[7]

■ "Admissions of enhancements are subject to the same principles as guilty pleas. [Citation.] A guilty plea admits every element of the offense charged and is a conclusive admission of guilt. [Citations.] It waives any right to raise questions about the evidence, including its sufficiency. [Citation.] Thereafter, a defendant may appeal upon the issuance of a certificate of probable cause and may raise only 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; . . .' [Citations.]" (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 785 [233 Cal.Rptr. 683].) In *Lobaugh*, the defendant pled guilty to robbery and admitted a firearm-use enhancement, a prior serious felony conviction, and a prior prison term allegation. (*Id.* at p. 783.) The defendant's challenge to the sufficiency of the evidence to support his firearm-use enhancement was not cognizable on appeal because he failed to obtain a CPC and, in any event, the defendant's admission waived the issue. (*Id.* at p. 785.)

■ We conclude that Penal Code section 1237.5 applies to an enhancement allegation to which a defendant has entered a plea. Here, defendant entered a negotiated plea, admitting a prior prison term allegation in exchange for dismissal of the remaining allegations. His admission removed from consideration the evidence supporting the allegation and his attack raises a procedural irregularity in obtaining his admission.

■ In *People v. Thurman* (2007) 157 Cal.App.4th 36 [68 Cal.Rptr.3d 425] (*Thurman*), a jury convicted the defendant of assault by means of force likely to cause great bodily injury, criminal threats, second degree robbery, and false imprisonment by violence. The jury acquitted defendant of attempted murder and the lesser offense of attempted voluntary manslaughter but was unable to reach a verdict on the lesser offense of attempted second degree murder. The jury also deadlocked on vehicle theft and carjacking and on hate crime allegations. (*Id.* at pp. 39–40.) After declaring a mistrial on the deadlocked counts and the allegations, the court scheduled the case for retrial. The prosecutor's motion to dismiss the attempted murder charge was granted but the defendant's motion to dismiss the other counts was denied. The defendant then entered a negotiated plea to carjacking in exchange for a concurrent three-year term on that count and dismissal of the vehicle theft count and remaining allegations. (*Id.* at pp. 40, 41.) On appeal, the defendant raised issues related to the carjacking count. Specifically, the defendant contended

---

[7] The other case cited by defendant, *Williams, supra,* 103 Cal.App.3d 507, involved a guilty plea to robbery with a prior prison term in exchange for the dismissal of other counts and allegations. (*Id.* at p. 510.) *Williams* concluded that the lack of a CPC barred the defendant's claim that he never admitted the prior. (*Id.* at pp. 510–511.)

that the trial court erroneously denied his motion to dismiss, that the carjacking was based on the same conduct as the robbery, and insufficient evidence supported the carjacking. Although conceding he did not obtain a CPC, the defendant claimed that the trial court had "assured him that he could appeal from the judgment with respect to all issues pertaining to [the carjacking count]." (*Id.* at pp. 41–42.) *Thurman* concluded that the record did not support the defendant's claim of an assurance that a CPC was not required nor would such a promise be enforceable. (*Id.* at pp. 42–43.) *Thurman* agreed that "courts should tell defendants who are contemplating guilty pleas that they have only limited appeal rights following a guilty plea" but saw "no reason for the court to have reminded trial counsel that he would also have to obtain a certificate of probable cause." (*Id.* at p. 44.)

*Thurman* is on point here. Further, defendant is trifling with the courts by attempting to better the bargain on appeal. (*People v. Hester* (2000) 22 Cal.4th 290, 295 [92 Cal.Rptr.2d 641, 992 P.2d 569].) After the jury reached its verdicts on the underlying offenses, defendant admitted a prior prison term (Pen. Code, § 667.5, subd. (b)) for a 1998 violation of Health and Safety Code section 11377, subdivision (a), in exchange for dismissal of a prior prison term for a 1996 violation of Penal Code section 496, subdivision (a), and three 2003 convictions for driving on a suspended license (Veh. Code, §§ 14601.1, 14601.2).

 " ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' [Citations.] 'Defendant's attack on the legality of [the plea entered in exchange for dismissal of other allegations] is an effort to unilaterally improve, and thus alter, the terms of that which was agreed and thus should not be permitted without a certificate of probable cause.' [Citation.]" (*People v. Cuevas* (2008) 44 Cal.4th 374, 383 [79 Cal.Rptr.3d 303, 187 P.3d 30].)

 Defendant's claim of procedural irregularity challenges the validity of his negotiated plea to the prior prison term allegation. To raise this claim, he must have a CPC. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 [51 Cal.Rptr.2d 851, 913 P.2d 1061].) His failure to obtain a CPC renders his claim noncognizable on appeal.

V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1230.

## DISPOSITION

The matter is remanded to the trial court for clarification of the fees and fines imposed for driving on a suspended license, a misdemeanor, count II, and amendment/correction of the abstract to so reflect. A certified copy of the amended/corrected abstract of judgment is to be forwarded to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

Hull, J., and Cantil-Sakauye, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 18, 2010, S179248. George, C. J., did not participate therein. Werdegar, J., was of the opinion that the petition should be granted.