Filed 5/29/14  P. v. Stevens CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039536 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS102256A) |
| v. | |
| LASSEL STEVENS, | |
| Defendant and Appellant. | |

As part of a negotiated disposition Lassel Stevens (appellant) pleaded no contest to one count of inflicting corporal injury on a spouse or cohabitant (Pen. Code, § 273.5, former subd. (a), Stats.2007, ch. 582, § 1, count one), admitted that he had served a prior prison term within the meaning of section 667.5, subdivision (b),[1] and admitted that he had a prior conviction for inflicting corporal injury on a spouse or cohabitant within the meaning of section 273.5, former subdivision (e)(1).  (Stats.2007, ch. 582, § 1.)  Relevant to this appeal, the Monterey County District Attorney alleged that the crime underlying the prison prior was "FORCE/ADW NOT FIREARM: GBI LIKELY," and that count one was committed on or about October 2, 2010.

Subsequently, on May 22, 2012, the court sentenced appellant to five years in state prison—four years for count one plus one year for the prison prior.  The court awarded appellant 416 actual days plus 218 days of conduct credits.  A notation in the probation

---

[1]     All unspecified section references are to the Penal Code.

officer's report indicates that appellant's conduct credits were calculated at 33 percent. The court dismissed several other counts and enhancements.

Thereafter, appellant, acting in propria persona, sent three separate requests to the superior court for additional credits. The court denied each request. Judge Anderson denied the first request on October 30, 2012, on the ground that appellant was "not entitled to conduct credits of 50% pursuant to PC § 4019." Judge Hood denied the next two requests citing only Judge Anderson's October 30th order. Judge Hood denied the last request on March 25, 2013.

Appellant filed a notice of appeal on April 12, 2013, from the denial of his request to amend his custody credits.

On appeal, in essence, appellant contends that under prior versions of Penal Code section 2933 and 4019, he is entitled to one-for-one presentence conduct credits.

The facts underlying appellant's most recent crime are not relevant to this appeal. Accordingly, we dispense with a recitation of those facts. However, we set forth in detail the statutory law applicable to this case.

A criminal defendant is entitled to accrue both actual presentence custody credits under section 2900.5 and conduct credits under section 4019 for the period of incarceration prior to sentencing. Conduct credits may be earned under section 4019 by performing additional labor (§ 4019, subd. (b)) and by an inmate's good behavior. (§ 4019, subd. (c).) In both instances, the section 4019 credits are collectively referred to as conduct credits. (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.) The court is charged with awarding such credits at sentencing. (§ 2900.5, subd. (a).)

Before January 25, 2010, conduct credits under section 4019 could be accrued at the rate of two days for every four days of actual time served in presentence custody. (Stats.1982, ch. 1234, § 7, p. 4554 [former § 4019, subd. (f) ].) Effective January 25, 2010, the Legislature amended section 4019 in an extraordinary session to address the state's ongoing fiscal crisis. Among other things, Senate Bill No. 3X 18 amended section

2

4019 such that defendants could accrue custody credits at the rate of two days for every two days actually served, twice the rate as before except for those defendants required to register as a sex offender, those committed for a serious felony (as defined in § 1192.7), or those who had a prior conviction for a violent or serious felony. (Stats.2009–2010, 3d Ex.Sess., ch. 28, §§ 50, 62 [former § 4019, subds. (b), (c), & (f) ].)

Effective September 28, 2010, section 4019 was amended again to restore the presentence conduct credit calculation that had been in effect prior to the January 2010 amendments, eliminating one-for-one credits. (hereafter the September 2010 section 4019 amendments, Stats. 2010, ch. 426, § 2.) By its express terms, the newly created section 4019, subdivision (g), declared these September 28, 2010 amendments applicable only to inmates confined for a crime committed on or after that date, expressing legislative intention that they have prospective application only. (Stats.2010, ch. 426, § 2.) Appellant committed his crime on October 2, 2010.

Nevertheless, for a brief period, notwithstanding the September 2010 section 4019 amendments more restrictive provisions for conduct credits, subdivision (e) of former section 2933, granted a prisoner sentenced to state prison for whom the sentence was executed, one day of conduct credit for each day in presentence custody so long as the prisoner was not required to register as a sex offender, was not committed for a serious felony, or did not have a prior serious felony conviction. (Stats. 2010, ch. 426, § 1, eff. Sept. 28, 2010.)[2] Appellant contends that he is entitled to one-for-one credits under this

---

[2] Specifically, former section 2933, subdivision (e)(1) provided "Notwithstanding Section 4019 and subject to the limitations of this subdivision, a prisoner sentenced to the state prison under Section 1170 for whom the sentence is executed shall have one day deducted from his or her period of confinement for every day he or she served in a county jail, city jail, industrial farm, or road camp from the date of arrest until state prison credits pursuant to this article are applicable to the prisoner." In turn, subdivision (e)(3) provided, "Section 4019, and not this subdivision, shall apply if the prisoner is required to register as a sex offender, pursuant to Chapter 5.5 (commencing with Section 290), was committed for a serious felony, as defined in Section 1192.7, or has a prior conviction for

version of section 2933 because the record is at least ambiguous as to the elements of his prior conviction, which is the only possible disqualifying fact that would take him out of former section 2933.[3]

The information in this case contains the allegation that appellant had served a prior prison term for a violation of section 245, subdivision (a)(1). At the time appellant committed this crime in 2004 section 245, subdivision (a)(1) provided that the crime could be committed in two different ways. Specifically, subdivision (a)(1) of section 245 provided, "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm *or* by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." (Stats.1999, ch. 129, § 1, italics added.) In essence, appellant asks this court to determine that his conviction for violating section 245, former subdivision (a)(1) was assault by means of force likely to produce great bodily injury and not assault with a deadly weapon. He argues that there was insufficient evidence to prove that he committed each type of conduct and we should presume that the prior conviction was for the least offense punishable.

Pertinent to this appeal, assault with a deadly weapon is a serious felony (§ 1192.7, subd. (c)(31)), which would preclude appellant from benefiting from former section 2933. On the other hand, while serious felonies include all those "in which the defendant *personally inflicts* great bodily injury on any person" (§ 1192.7, subd. (c)(8), italics added), assault merely by *means likely to produce* great bodily injury without the additional element of personal infliction, is not included in the list of serious felonies, and

a serious felony, as defined in Section 1192.7, or a violent felony, as defined in Section 667. 5." (Stats. 2010, ch. 426, § 1)

[3] Nothing in the record shows that appellant was required to register as a sex offender and his current conviction for violating section 273.5 is not a serious or violent felony. (See §§ 1192.7, 667.5.)

thus would not preclude appellant from benefiting from former section 2933. To put it simply, "a conviction under the deadly weapon prong of section 245(a)(1) is a serious felony, but a conviction under the GBI prong is not." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065.)

At the outset, the Attorney General takes the position that this court may not reach the merits of this appeal. The Attorney General raises two arguments as to why this court should dismiss this appeal. First, the Attorney General argues that because appellant did not obtain a certificate of probable cause under section 1237.5 he is precluded from raising the issue on appeal. Second, because appellant admitted the truth of the prior prison term allegation he cannot now challenge the sufficiency of the evidence to support the truth of the allegation.

We agree that appellant was required to obtain a certificate of probable cause and therefore we must dismiss the appeal. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096.)

*Certificate of Probable Cause*

A defendant may not appeal from a judgment of conviction upon a plea of guilty or no contest unless he or she has filed a statement showing reasonable grounds for appeal and the trial court has executed and filed a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379; *People v. French* (2008) 43 Cal.4th 36, 43; *People v. Shelton* (2006) 37 Cal.4th 759, 766.) A certificate of probable cause is not required if the appeal is based upon grounds arising after entry of the plea that "do not challenge the validity of the plea." (*People v. Cuevas, supra,* 44 Cal.4th at p. 379.) The purpose of this procedural limitation is "to weed out frivolous and vexatious appeals from pleas of guilty or no contest, before clerical and judicial resources are wasted." (*People v. Buttram* (2003) 30 Cal.4th 773, 790.)

" 'The purpose and effect of section 1237.5 . . . are . . . to create a mechanism for trial court determination of whether an appeal raises *any nonfrivolous* cognizable issue, i.e., any nonfrivolous issue going to the legality of the proceedings. Before the enactment

5

of section 1237.5, the mere filing of a notice of appeal required preparation of a record and, in many cases, appointment of counsel; only after expenditure of those resources would an appellate court determine whether the appeal raised nonfrivolous issues that fell within the narrow bounds of cognizability. Section 1237.5 was intended to remedy the unnecessary expenditure of judicial resources by preventing the prosecution of frivolous appeals challenging convictions on a plea of guilty.' [Citation.]" (*People v. Johnson* (2009) 47 Cal.4th 668, 676.)[4]

In determining the applicability of section 1237.5 to a challenge of a sentence imposed after a guilty or no contest plea, "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." (*People v. Ribero* (1971) 4 Cal.3d 55, 63.) Thus, the "critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*People v. Buttram, supra,* 30 Cal.4th at p. 782.)

In essence, the Attorney General argues that by admitting the prior prison term allegation appellant was admitting that he had been convicted of a prior serious felony and he is therefore attacking the validity of his plea. We agree.

Here as part of his plea bargain, appellant admitted that he had served a prior prison term for an offense that occurred in 2004.[5] The information alleged that "on and about 04/03/2004, in the SUPERIOR Court of the State of CALIFORNIA . . . Case Number SS060567A" appellant was "convicted of the crime of FORCE/ADW NOT FIREARM: GBI LIKELY a felony, in violation of Section 245 (A)(1) of the PENAL Code[.]" In an analogous situation, in *People v. Ebner* (1966) 64 Cal.2d 297, 303, the

---

[4]    If the trial court wrongfully refuses to issue a certificate, the defendant may seek a writ of mandate from the appellate court. (*In re Brown* (1973) 9 Cal.3d 679, 683, disapproved and superseded by statute on other grounds as stated in *People v. Mendez* (1999) 19 Cal.4th 1084, 1092- 1093, 1103-1104.)

[5]    On this court's own motion we had the record augmented with the reporter's transcript of the plea hearing held on March 20, 2012 and the sentencing hearing held on May 22, 2012.

defendant had admitted to prior felonies, which had been charged as part of a habitual criminal enhancement. The defendant argued on appeal that the People had failed to prove the defendant's admissions encompassed elements essential to the enhancement, "namely, that the prior felony convictions of burglary and robbery were separately brought and tried and that defendant served separate prison terms for the crimes." (*Ibid.*) This argument was rejected when examined in the context of the entire record before the court. The Supreme Court observed: "Defendant's admission of the prior convictions is not limited in scope to the fact of the convictions but extends to all allegations concerning the felonies contained in the information." (*Ibid.*) By similar reasoning, we conclude that appellant admitted that he had served a prior prison term for the crime of "FORCE/ADW NOT FIREARM: GBI LIKELY a felony, in violation of Section 245 (A)(1) of the PENAL Code."[6] Appellant "is now bound by that admission." (*People v. Jackson* (1985) 37 Cal.3d 826, 836, impliedly overruled on another point in *People v. Guerrero* (1988) 44 Cal.3d 343, 348-356.)

Had appellant wished to point out to the court that his conviction in 2004 was for a violation of section 245, subdivision (a)(1) by means of force likely to produce great bodily injury and not for assault with a deadly weapon appellant should have demurred to the information. (§ 1012; *People v. Thomas* (1986) 41 Cal.3d 837, 843, (*Thomas*), [any defect in the pleading is one of uncertainty only, and is forfeited by the defendant's failure to demur].) Appellant was on notice that his 2004 conviction could result in his credits being restricted. (See *People v. Lara* (2012) 54 Cal.4th 896. 906-907.) Appellant should have taken steps to rectify any ambiguity or uncertainty before making his admission. We presume counsel properly advised appellant as to the nature of the

---

[6]    Further, decisions acknowledge that a plea of guilty to a substantive offense admits every element of the offense, and that the same rule applies to admissions of enhancements. (See, e.g., *People v. Watts* (2005) 131 Cal.App.4th 589, 595, citing *People v. Westbrook* (1996) 43 Cal.App.4th 220, 223–224.)

charges and the consequences of his plea.  (See *Thomas, supra,* 41 Cal.3d at p. 844 [it is the role of counsel to explain to defendant the essentials of the charge]; see also *Henderson v. Morgan* (1976) 426 U.S. 637, 645-647 & fn. 13) [if record illustrates defendant had opportunity to talk to defense counsel about nature of charges and even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit].)  At the plea hearing, before he entered his plea, appellant confirmed that he had discussed his case with his attorney.

Furthermore, a certificate of probable cause is required to make a substantial evidence challenge to an enhancement that a defendant admitted at the same time he entered his guilty plea.  (*People v. Arwood* (1985) 165 Cal.App.3d 167, 172.)  Indeed, admissions of enhancement allegations in conjunction with guilty pleas are treated the same as the pleas themselves for certificate of probable cause purposes.  (*People v. Perry* (1984) 162 Cal.App.3d 1147, 1151 (*Perry*).)  The validity or scope of the admission, which is precisely what appellant is challenging in this appeal, cannot be attacked in the absence of a certificate of probable cause.  In sum, appellant's attack goes to the truth of the alleged enhancement, and would require consideration of evidence.  Such an issue has been removed from consideration by appellant's admission.  (Cf. *People v. Pinon* (1979) 96 Cal.App.3d 904, 908-910.)

Despite appellant's efforts to convince us otherwise, it is quite apparent that his appellate claim is in substance a challenge to the validity of his plea.  "[W]here an appellate challenge to the trial court's ruling [here the denial of one for one credits] is in substance a challenge to the validity of the defendant's plea, the appeal is subject to the requirements of Penal Code section 1237.5."  (*People v. Emery* (2006) 140 Cal.App.4th 560, 562.)  Since appellant did not obtain a certificate of probable cause (§ 1237.5), we shall dismiss the appeal.

*Disposition*

The appeal is dismissed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.