Filed 10/20/14  P. v. Morgan CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KASCELL E. MORGAN,<br><br>    Defendant and Appellant. | D065928<br><br><br><br>(Super. Ct. No. SCD250949) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

On September 16, 2013, and again on September 18, Kascell E. Morgan entered a Kohl's store with the intent to commit theft.  On the first occasion, he stole shoes.  An information charged Morgan with two counts of second degree burglary (Pen. Code,[1] §§ 459, 460, subd. (b)) and one count of misdemeanor petty theft (§ 484) and alleged he

---

[1]    All further statutory references are to the Penal Code.

had suffered a strike prior conviction (§§ 667, subds. (b)-(i)). In December, the prosecutor offered a plea bargain described as "one of the counts of burglary . . . with the strike for a stipulated sentence of 32 months."

In January 2014, Morgan pleaded guilty "to the sheet." The change of plea form did not expressly mention the strike and at the change of plea hearing the court did not ask Morgan whether he admitted the strike. The court indicated a "32 month lid" and stated it would "consider alternatives (no drug court)" and "wrap [Morgan's] probation case."[2] The court told Morgan, "[T]he only promise . . . that I am making to you is that I will go no higher than 32 months, which would probably be the mid-term[3] of count 1 times two, . . . but I would consider alternatives and I would wrap your probation case." Morgan said he understood. Immediately after taking the plea, the court stated, "[Morgan's] plea and admission are freely and voluntarily made[;] he understands the nature of the charges and consequences of the plea and admission. . . . I accept the plea and admission . . . ."

In March 2014, the court denied Morgan's motion[4] to dismiss the strike and sentenced him to prison for 32 months: twice the 16-month lower term on one burglary

---

[2]     Morgan's probation had been revoked in an unrelated case in October 2013.

[3]     The lower term for second degree burglary is 16 months; the middle term is two years. (§§ 461, subd. (b), 18, subd. (a).)

[4]     In his motion, Morgan argued the instant offenses were relatively minor and stemmed from his history of substance abuse; his past crimes were mostly nonviolent; he was not criminally sophisticated; and he would benefit from substance abuse treatment.

count, a concurrent like term on the second burglary count and credit for time served for petty theft. Morgan appeals. We affirm.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel mentions as a possible but not arguable issue "[w]hether the trial court erred by doubling the base term of [Morgan]'s sentence based on the strike conviction because [Morgan] never admitted the truth of that allegation when he pled guilty . . . ."

We granted Morgan permission to file a brief on his own behalf. He has done so, contending his 16-month sentence was doubled to 32 months as a result of the strike although he did not admit the strike when he entered his guilty plea. Morgan's contention is not well taken.

Morgan's contention is a challenge to the validity of his guilty plea. Because the trial court denied his request for a certificate of probable cause, Morgan cannot challenge the validity of his plea. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095; *People v. Williams* (1980) 103 Cal.App.3d 507, 511-512.) Moreover, Morgan's contention concerns a strike. As part of his plea bargain, he waived his right to appeal issues related to strikes.

3

A review of the record pursuant to *Wende* and *Anders*, including the possible issue listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues.  Morgan has been competently represented by appellate counsel.

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.