Filed 10/14/15  P. v. Jakul CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067697 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FMB900279) |
| STEVEN MICHAEL JAKUL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino, Michael A. Smith, Judge.  Affirmed in part and remanded for resentencing.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, Steven Michael Jakul was convicted by a jury of attempted unlawful driving and taking of a vehicle (Pen. Code,[1] § 664; Veh. Code, § 10851, subd. (a); count 1); two counts of petty theft after a prior conviction (§ 666; counts 2, 4); and conspiracy to commit larceny (§ 182, subd. (a)(1); count 6). The court found true five prison priors (§ 667.5, subd. (b)) and one strike prior (§ 667, subds. (b)-(i)).

In 2010, Jakul was sentenced to a determinate term of 13 years in prison, including five consecutive one-year terms for the prison priors.

In December 2014, the court recalled Jakul's sentence pursuant to section 1170.18 (Proposition 47). The court reduced the sentences for counts 2 and 4 to misdemeanors and recalculated Jakul's sentence. The minute orders and the abstract of judgment reflect a 13-year sentence including five years for the priors. In the oral pronouncement of sentence the court did not mention the prison priors or the five-year term previously imposed for them in 2010.

Following the 2014 sentencing, the Department of Corrections and Rehabilitation sent the court a letter pointing out a calculation error with regard to a subordinate term. The court conducted an ex parte sentencing in response to the Department of Corrections and Rehabilitation letter. The court modified the sentence to reflect the revised sentence as 11 years eight months.

Jakul purports to appeal from the December 2014 sentencing. He contends the trial court did not exercise its discretion to impose or strike the prison priors at that time.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

He notes that the oral pronouncement of the 2014 sentence did not mention the prison priors or the 13-year term.

Jakul contends, and the People agree, the case must be remanded for the court to exercise its discretion to strike or impose sentences on the prison priors. Jakul argues that some of the prison priors are no longer valid because of Proposition 47 and that we should dismiss some of them. Jakul also complains the trial court abused its discretion in imposing the upper term for count 6 without stating reasons. Because his counsel did not object to the court's sentencing decision, Jakul contends his counsel was ineffective.

We will remand the case to permit the court to exercise its discretion to impose or strike the prison priors and to correct the abstract of judgment accordingly. We will decline to address the contention that Proposition 47 invalidated some of his prison priors. That issue has never been presented to the trial court. Further, since we are remanding the case to the trial court to make a decision on the prison priors, there is no reason for us to venture into an advisory opinion on an issue yet to be presented to the trial court. Finally, we will find any objection to the upper term for count 6 has been forfeited by failure to raise it in the trial court. This record does not support a claim of ineffective assistance of trial counsel.[2]

---

[2] The facts of the underlying offenses are irrelevant to the issues on this appeal. Therefore we will not set forth a statement of facts.

3

DISCUSSION

## A.  The Upper Term for Count 6

We will take the issues in a different order than that followed by the parties.  We deal first with the challenge to the trial court's decision to impose the upper term on count 6.

Jakul contends the trial court abused its discretion in failing to state reasons for its decision.  We find Jakul has forfeited the issue by failing to object in the trial court.  In *People v. Scott* (1994) 9 Cal.4th 331, 356, the court held that failure to raise an objection to the trial court's sentencing choices forfeits those issues for appellate review.  The court applied the well-established contemporaneous objection rule to sentencing decisions.

Jakul was represented by counsel and could have objected if there was any plausible basis to contest the imposition of the upper term for count 6.

This record reflects that the court was well aware that Jakul was a person with a criminal history dating back to 1985.  Jakul had multiple convictions and presented to the court as a classic recidivist.  The failure to object deprived the trial court of the opportunity to correct any error and deprived the appellate court of a meaningful record to review.

## B.  Ineffective Assistance of Counsel

Jakul contends trial counsel was ineffective for failure to object to the imposition of the upper term.  Under applicable standards Jakul has the burden of showing his counsel committed an error and that the error caused him prejudice.  (*Strickland v. Washington* (1984) 466 U.S. 668, 686-687.)  The present record offers no indication why

4

counsel failed to object, nor is any prejudice apparent, given Jakul's extensive criminal history.

Our high court has said that it is often difficult to establish ineffective assistance on the record presented on appeal.  This is especially true where, as here, the contention is counsel erred in failing to object.  But the record does not tell us why counsel made a particular decision not to act, nor is there any identifiable prejudice shown on this record. Jakul's remedy, if any, is by way of a petition for writ of habeas corpus filed in the trial court.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-268.)

### C.  The Prison Priors

The parties agree the case should be remanded for yet another sentencing hearing since the oral pronouncement of sentence in 2014 did not include reference to the five prison priors.

Trial courts must either impose a consecutive sentence for a proven prison prior, or strike the prior.  (*People v. Williams* (1980) 103 Cal.App.3d 507, 519; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1560-1561.)  In its oral pronouncement of sentence following the section 1170.18 petition in 2014, the court did not mention the existence of the priors.  However, the minutes and the abstract of judgment reflect consecutive sentences for those priors.

It appears that at the section 1170.18 resentencing nobody addressed the priors. The whole purpose of the hearing was to deal with counts 2 and 4, which were ultimately reduced to misdemeanors.  The court then needed to restructure the sentences for the offenses after the reduction of the two counts.  It appears to us there was simply an

5

oversight in not addressing the sentence on the priors, which was not the subject of the hearing. While we regret sending more work back to the trial court, we believe it is necessary that we insure the sentence reflected in the minutes and the abstract of judgment is that which was actually intended by the trial judge.

Jakul would have this court determine which of the prison priors, if any, might be invalidated by Proposition 47. There is no purpose to be served by us addressing an issue never raised in the trial court. This is particularly true where the case is going to be returned to the trial court to address the sentencing issues related to the prison priors. When the case is returned to the trial court, Jakul can raise any claims that may be appropriate as to the legal validity of those priors. We express no opinion as to the merits of Jakul's arguments regarding the impact of Proposition 47 on the validity of prison priors, where the underlying crime may no longer be a felony.

## DISPOSITION

The case is remanded for resentencing only as it relates to the prison priors. The trial court is to exercise its discretion to impose or strike any or all of the prison priors. The abstract of judgment must be amended to reflect the trial court's decision, and a copy

provided to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


                                                                HUFFMAN, J.

WE CONCUR:


        McCONNELL, P. J.


        McDONALD, J.