Filed 2/22/16  P. v. Lark CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078770 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F06424) |
| v. | |
| MICHAEL C. LARK, | |
| Defendant and Appellant. | |

A jury found defendant Michael C. Lark guilty of one count of driving in willful or wanton disregard for the safety of persons or property while fleeing from a pursuing police officer (Veh. Code, § 2800.2, subd. (a)) and one count of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)).[1]  In a bifurcated proceeding, the trial court found true the allegations that defendant had a prior serious felony conviction (§ 667, subds. (b)-(i)) and had served four prior prison terms (§ 667.5, subd. (b)).  The trial court sentenced defendant to 11 years four months in prison.  On appeal,

---

[1]  Undesignated statutory references are to the Penal Code.

1

defendant contends that there was insufficient evidence to convict him of being a felon in possession of a firearm.  We disagree and affirm the judgment.

## I.  BACKGROUND

On October 2, 2013, Officers David Putman and Orlando Morales of the Sacramento Police Department were on patrol in a standard marked patrol vehicle in the area of Fruitridge Road and Mendocino Boulevard.  Officer Morales was driving and Officer Putman was in the front passenger seat.

About 3:00 p.m., the officers attempted to stop a white Dodge station wagon for speeding.  The officers turned on the patrol car's overhead lights and activated the siren to get the driver's attention.  The driver, later determined to be defendant, initially slowed but then took off and a high-speed chase ensued.  A passenger, Isaiah Thompson, was seated next to defendant in the front seat.

During the chase, defendant ran several stop signs and drove at speeds far exceeding the speed limit.  As defendant merged onto southbound Highway 99, Officers Putman and Morales saw a gun thrown from the passenger side of the car.  Sergeant Roman Murrietta of the Sacramento Police Department, who had joined the pursuit, stopped his vehicle and retrieved the gun; a silver and black semiautomatic .40-caliber Smith & Wesson handgun.

The chase ended when defendant exited Highway 99, lost control, and struck another vehicle.  Shortly after the collision, defendant and Thompson were apprehended by police officers.  Following the chase, Sergeant Murrietta examined the gun he had retrieved and observed that it held a magazine with a missing butt plate, i.e., the bottom portion of the gun's magazine.  He returned to the location where he found the gun and located 11 live rounds, the butt plate, and several other pieces of the gun's magazine.

## II.  DISCUSSION

Defendant contends that there was insufficient evidence to support his conviction for being a felon in possession of a firearm.  He argues that the record does not contain

2

substantial evidence demonstrating that he actually or constructively possessed the gun thrown from the car. We disagree.

The crime of possession of a firearm by a felon is set forth in section 29800, subdivision (a)(1). "The elements of this offense are conviction of a felony and ownership or knowing possession, custody, or control of a firearm." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029; see also § 29800, subd. (a)(1).)

"A defendant possesses a weapon when it is under his dominion and control. [Citation.] A defendant has actual possession when the weapon is in his immediate possession or control. He has constructive possession when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either directly or through others. [Citations.]" (*People v. Pena* (1999) 74 Cal.App.4th 1078, 1083-1084.) Thus, "more than one person may possess the same [weapon]. [Citation.] Possession may be imputed when the [weapon] is found in a place which is immediately accessible to the joint dominion and control of the accused and another. [Citations.]" (*People v. Miranda* (2011) 192 Cal.App.4th 398, 410 (*Miranda*).) "Implicitly, the crime is committed the instant the felon in any way has a firearm within his control." (*People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1410, italics omitted.)

Constructive possession can be established by circumstantial evidence and reasonable inferences drawn from the defendant's conduct. (*People v. Williams* (1971) 5 Cal.3d 211, 215.) The inference of dominion and control is easily made when the weapon is discovered in a place over which the defendant has general dominion and control, such as his automobile. (*People v. Jenkins* (1979) 91 Cal.App.3d 579, 584; see *People v. Taylor* (1984) 151 Cal.App.3d 432, 436 (*Taylor*) [gun thrown from passenger side of car the defendant was driving]; *People v. Gant* (1968) 264 Cal.App.2d 420, 422, 424-425 [guns found near front passenger seat of car the defendant was driving]; *People v. Nieto* (1966) 247 Cal.App.2d 364, 366-368 [guns found under front seat of car the defendant was driving].)

In challenging his conviction on appeal, defendant argues that the evidence presented at trial was insufficient to prove he possessed a gun. According to defendant, the evidence suggested that the gun thrown from the car was in Thompson's exclusive control rather than constructively possessed by both he and Thompson. In support of his position, defendant asserts that "it was clearly Thompson who threw the gun out of the window." Defendant further asserts that, even assuming his knowledge of the presence of the gun could be established by his evasion from the police, such knowledge does not show he intended to exercise dominion and control over the gun because "knowledge does not logically entail possession."

To assess the sufficiency of the evidence, we review the whole record to determine whether it discloses substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Maury* (2003) 30 Cal.4th 342, 396.) In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. (*People v. Boyer* (2006) 38 Cal.4th 412, 480.) If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) " 'A reviewing court neither reweighs evidence nor reevaluates a witness's credibility.' " (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

We conclude that sufficient evidence supports the jury's verdict. In reaching this conclusion, we find *Miranda* and *Taylor* instructive. In *Miranda*, the defendant was in a car involved in a high-speed police chase. (*Miranda, supra*, 192 Cal.App.4th at p. 404.) A police officer saw unidentified objects being thrown out the back windows of the car during the chase, and later pieces of a shotgun were found along the pursuit route. (*Ibid.*) The condition of these pieces was consistent with them having been thrown from a

4

moving vehicle. (*Id.* at p. 410.) At trial, the defendant testified that he rode in the front passenger seat of the car. (*Id.* at p. 404.) He further testified that he did not know what the individuals in the backseat were throwing out the windows, and that he never saw a shotgun in the car on the night of the chase. (*Id.* at p. 405.) Based on this evidence, the court concluded it was reasonable for the jury to infer that the defendant and the others in the car were aware of the shotgun's presence, and that the defendant had at least joint dominion and control over the shotgun before it was tossed out the window. (*Id.* at pp. 410-411.)

In *Taylor*, the defendant was the driver of a car involved in a high-speed police chase. (*Taylor, supra*, 151 Cal.App.3d at pp. 434-435.) A passenger was seated next to him in the front seat. (*Ibid.*) Shortly after the chase began, the police saw a gun thrown out the passenger side window. (*Id.* at p. 434.) The defendant was ultimately apprehended after crashing his car. (*Id.* at p. 435.) In rejecting defendant's challenge to the sufficiency of the evidence regarding his conviction for possessing a loaded firearm in public, the court reasoned: "The trial court was aware the gun was thrown from the passenger side of the car and [defendant] was the driver. The court noted, however, the gun was thrown soon after the chase began and [the defendant's] driving represented an unequivocal attempt to avoid capture. A conviction may be supported by circumstantial evidence of constructive possession. The mere fact the evidence supports an inference [defendant] did not personally possess the gun does not require reversal. [Citation.] There was sufficient evidence [defendant] had constructive possession of the firearm." (*Id.* at p. 436.)

Here, defendant led police on a high-speed chase, recklessly driving his car in an attempt to avoid capture. There was a passenger in the front seat of the car, and a gun was thrown from the passenger side of the car during the chase. While none of the pursuing officers saw who threw the gun from the car, it was reasonable for the jury to infer that defendant was aware of the gun's presence in the car, and that defendant had

5

joint dominion and control over the gun before it was thrown. The presence of the gun in the front seat of the car can be inferred from the officers' observation of a gun being thrown from the car and the subsequent recovery of a gun in the area where it was discarded. The fact that the gun had a missing butt plate, and that 11 live rounds, the butt plate, and several other pieces of the gun's magazine were found by the police in the same area as the gun, support the inference that the gun was thrown from defendant's car. As the driver, defendant was in control of the car and the gun was readily accessible to him. (See *People v. Gant, supra*, 264 Cal.App.2d at p. 425 [guns located under the floor mat of the front passenger seat and near the glove compartment were "readily available" to both the driver and the passenger].) Further, defendant's reckless driving clearly represented an attempt to avoid arrest and demonstrated a consciousness of guilt regarding possession of the gun. (See *ibid.* [attempt to avoid capture by speeding indicative of the defendant's "guilty knowledge of the presence of the stolen weapons"]; *People v. Abilez* (2007) 41 Cal.4th 472, 521-522 [jury can reasonably infer that the defendant's flight reflected consciousness of guilt].)

Based on the totality of the circumstances, we conclude that the record contains substantial evidence that defendant constructively possessed a firearm for purposes of section 29800, subdivision (a)(1). (See *Miranda, supra*, 192 Cal.App.4th at pp. 410-411; *Taylor, supra*, 151 Cal.App.3d at pp. 434-436.) Contrary to defendant's contention, the mere fact that the evidence suggested Thompson exclusively possessed the gun does not require reversal. (See *ibid*.)

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

RAYE, P. J.

/S/

NICHOLSON, J.